**CITY OF SAN ANTONIO, Petitioner,**

v.

**Abraham and Alicia RODRIGUEZ, Individually and as Sole Heirs of Sandra Rodriguez, Respondents.**

No. D–1102.

Supreme Court of Texas.

Feb. 26, 1992.

Rehearing Overruled April 8, 1992.

Lowell F. Denton, Sarah B. Duncan, San Antonio, Thomas F. Nye, Corpus Christi, David W. Ross, Allan K. DuBois, Laura Cavaretta, San Antonio, for petitioner.

Randall C. Jackson, Jr., Les Mendelsohn, San Antonio, for respondents.

PER CURIAM.

We consider whether a notice of appeal, timely filed in the proper court and carrying the correct style but displaying the wrong cause number, is sufficient to perfect appeal and avoid dismissal.

On October 1, 1990, the deadline for perfection of appeal in the present case, the City of San Antonio (the City) filed notice of appeal along with a post-judgment motion to modify or correct judgment.[1] The City placed the proper style, *Abraham Rodriguez and Alicia Rodriguez v. City of San Antonio,* but the wrong cause number, No. 88–CI–14572[2] instead of No. 87–CI–23305, on both its notice of appeal and its post-judgment motion.

The district clerk of Bexar County maintains the files and records pertaining to pending cases according to the cause number rather than the style of the case. On October 18, 1990, a deputy district clerk received a telephone inquiry concerning cause No. 87–CI–23305. Upon review of the record for that case, the deputy district clerk initially found that no notice of appeal or post-judgment motion had been filed. Upon further investigation, however, she discovered that the instruments had been filed, but had been docketed under the wrong cause number, 88–CI–14572. After finding this error and discussing the problem with a supervisor, the deputy district clerk drew a line through the erroneous cause number, 88–CI–14572, and substituted the correct cause number, 87–CI–23305, on both instruments. She then called the City's attorneys to notify them of the mistake and to inform them that the correction had been made and that refiling was unnecessary.[3]

Subsequently, the court of appeals granted the Rodriguezes' motion to dismiss the City's appeal, reasoning that, because its notice of appeal was defective, the City

1. The City was not required to give security for costs in order to appeal. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 6.002 (Vernon Supp.1992). Instead, the City was only required to file a written notice of appeal in accordance with TEX. R.APP.P. 40(a)(2).

2. Although the court of appeals refers to the incorrect cause number as 88–CI–144572, the correct "incorrect" cause number is 88–CI–14572.

3. Whether the deputy clerk's actions were proper or authorized by the rules should not be determinative of the City's ability to pursue appeal. Among the reasons for liberal interpretation of filing rules is "to protect a diligent party from being penalized by the errors ... of the court clerk." *Standard Fire Ins. Co. v. LaCoke,* 585 S.W.2d 678, 680 (Tex.1979).

**418**

failed to perfect its appeal in a timely manner. In taking this action, the court of appeals relied upon *Philbrook v. Berry,* 683 S.W.2d 378 (Tex.1985), a default judgment case in which the motion for new trial was filed under the original cause number rather than the severed cause number. *Id.* at 379. Assuming that *Philbrook* was correctly decided, it is not controlling in this case. In *Philbrook,* the party names associated with the original and severed cause numbers were identical. Consequently, the different cause numbers were crucial to the proper management of the two cases. In the instant case, the cause number *incorrectly* transcribed on the City's notice of appeal has no association with or similarity to the style of the case now before us,[4] and, there is no suggestion of confusion regarding the judgment from which the City sought appeal. *See El Paso Cent. Appraisal Dist. v. Montrose Partners,* 754 S.W.2d 797, 799 (Tex.App.—El Paso 1988, writ denied) (because misnomer in notice of appeal did not disadvantage or mislead appellee, dismissal inappropriate).

We have held that a court of appeals has jurisdiction over an appeal when the appellant *files* an instrument that is "a bona fide attempt to invoke appellate court jurisdiction." *Grand Prairie Indep. Sch. Dist. v. Southern Parts Imports, Inc.,* 813 S.W.2d 499, 500 (Tex.1991) (per curiam) (emphasis added) (citations omitted). More recently, we reaffirmed the policy that "the decisions of the courts of appeals [should] turn on substance rather than procedural technicality." *Crown Life Ins. Co. v. Estate of Gonzales,* 820 S.W.2d 121 (Tex.1991) (per curiam) (citations omitted). Here, there can be no doubt that the City's attempt to perfect an appeal was "bona fide" because, but for the erroneous cause number, the City's notice of appeal complied with the provisions of Tex.R.App.P. 40(a)(2). We hold that the City's notation of the incorrect cause number on its notice of appeal does not defeat the jurisdiction of the court of appeals.

Accordingly, pursuant to Tex.R.App.P. 170, without hearing oral argument, a majority of this court grants the City's application for writ of error, reverses the judgment of the court of appeals, and remands this case to that court for further proceedings consistent with this opinion.

---

4. No. 88–CI–14572 was styled *Leno Garcia, et al.* v. *Robert W. Beyer, et al.*