cv4-466 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00466-CV







Steve Dalton, Appellant



v.



Cintas, Appellee







FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 281,820, HONORABLE STEVE RUSSELL, JUDGE PRESIDING







PER CURIAM


 Steve Dalton by writ of error seeks reversal of a default judgment rendered against
him in a suit on account under Tex. R. Civ. P. 185. He contends that the case does not fit within
Rule 185 and argues that Cintas's petition did not support an award of prejudgment interest. We
will affirm the judgment.

 Dalton hired Cintas to provide garment rental service for his painting company. 
Cintas was to supply and clean Dalton's company's uniforms for an initial term of five years. 
Dalton closed his business after a year and breached the contract.

 Cintas sued. It sought damages of $3,793.92 under the breach provision of the
contract, $486.70 for unreturned uniforms, and $143.05 in unpaid charges for services rendered. 
Cintas requested $1,475 in attorney's fees for the trial, with additional awards in case of attack
on the judgment. Cintas also requested interest.

 Cintas obtained a no-answer default judgment on January 6, 1994. The court
awarded all the requested damages, interest, and attorney's fees. The court awarded $2,500 for
each appellate proceeding challenging the judgment.

 Dalton filed a petition for writ of error and a cost bond on July 6, 1994. Writ of
error must be brought within six months after the judgment was signed. Tex. Civ. Prac. & Rem.
Code Ann. § 51.013 (West 1986); Tex. R. App. P. 45; General Elec. Co. v. Falcon Ridge
Apartments Joint Venture, 811 S.W.2d 942, 943 (Tex. 1991). The petition must be brought by
a party to the suit who did not participate in the actual trial. Falcon Ridge, 811 S.W.2d at 943. 
The petitioner must complain of error that is apparent from the face of the record. Id.

 Cintas contends by a crosspoint that we have no jurisdiction over this matter
because Dalton's missteps in perfecting the appeal made his appeal untimely. We must decide
whether Dalton's attempt at perfection was bona fide. City of San Antonio v. Rodriguez, 828
S.W.2d 417 (Tex. 1992); see also Blankenship v. Robins, 878 S.W.2d 138 (Tex. 1994). In both
Rodriguez and Blankenship, the supreme court held that incorrectly numbered perfecting
documents served to perfect appeals in the intended causes because the appellants' attempts at
perfection were genuine and caused no confusion. Blankenship, 878 S.W.2d at 139; Rodriguez,
828 S.W.2d at 418. Dalton filed both the petition and the cost bond here under Cause No.
220732 rather than Cause No. 218820. The cost bond was styled Cintas v. NationsBank Texas,
N.A. The petition was correctly styled Cintas v. Dalton and, despite the incorrect cause number
in the style, contained a reference in its text to the correct cause number. On July 22, 1994,
Dalton filed an amended petition for writ of error with the correct cause number and obtained an
order transferring the appeal bond to the correct cause. Dalton's efforts at perfection within the
time limit were bona fide and Cintas has shown no confusion.

 Cintas's complaint that it was not notified of any hearing of the transfer of the cost
bond does not affect our decision. In Rodriguez, the district clerk's office discovered the
erroneous cause number on the notice of appeal, struck through the number, inserted the correct
number, and notified the parties of the change. 828 S.W.2d at 417. The supreme court was not
fazed by the lack of a hearing, much less by the lack of notice of a hearing to the appellee. See
id. at n.3. Neither are we. We overrule Cintas's crosspoint one and counterpoint one.

 Dalton argues that the court erred in rendering judgment on a sworn account
because this is instead a standard breach of contract case. He rejects the court's finding that
Cintas's claim is a liquidated demand and argues that the claim fits within no other Rule 185
category. 

 Rule 185 includes "a liquidated money demand based upon written contract or
founded on business dealings between the parties." A claim is properly liquidated if the court can
calculate (or direct others to calculate) the amount of damages by reference to the petition's
allegations and other written instruments. Achimon v. J.I. Case Credit Corp., 715 S.W.2d 73,
75 (Tex. App.--Dallas 1986, writ ref'd n.r.e.). The 1984 amendment to Rule 185 eliminated the
necessity of particularization or description of the nature of the component parts of the account
or claim absent a sustained special exception to the pleading. (1) Cintas's petition, supported by an
affidavit, the contract, and the calculations supporting the affidavit make the claim a liquidated
demand.

 Dalton's contention that the damages are unliquidated ignores the liquidated
damages provision of the contract regarding lost future services. (He challenges neither the claim
for unpaid services rendered nor the claim for the cost of unreturned uniforms.) The next-to-last
paragraph of the contract states that, if the customer ends the contract early for any reason other
than Cintas's nonperformance, the customer must pay fifty percent of the total weekly service
charge owed during the remainder of the contract. The first paragraph sets out the weekly charges
per person. Cintas provided supporting documents showing damages calculated according to this
formula. The court could easily calculate or direct the calculation of these damages. The
damages are liquidated.

 The liquidated damage provision of the contract also protects the judgment from
Dalton's claim that the damages are excessive for failing to deduct reasonable offsets such as
business costs saved by not having to provide the service. Dalton's contention is based on his
argument that Cintas calculated these damages on the full charge for the remainder of the term. 
Had Cintas figured the damages as Dalton argues it did, it would have claimed $7,956 instead of
the $3,793.92 it claimed and received. Dalton's objection fails.

 Dalton also attacks the attorney's fee award as unliquidated. Statute, rather than
Rule 185, governs the recovery of attorney's fees in this type of case. Tex. Civ. Prac. & Rem.
Code Ann. §§ 38.001-.004 (West 1986). Under § 38.001, parties may recover reasonable
attorney's fees in a suit on sworn account. Cintas laid the foundation under § 38.002 for its
attorney's fee claim by alleging that it had presented the claim to Dalton more than thirty days
before tender of the payment of the claim. We may presume that the court took judicial notice
under § 38.004 of the usual and customary attorney's fee in this type of case. See Holsworth v.
Czeschin, 632 S.W.2d 643, 645 (Tex. App.--Corpus Christi 1982, no writ). The presumption
under § 38.003 that usual and customary attorney's fees are reasonable is unrebutted here. 
Dalton's attack on the award is unfounded. We overrule point one.

 Contrary to Dalton's contention in point two, Cintas's pleading for "interest" is
sufficient to support an award of prejudgment interest. See Texas Commerce Bank Reagan v.
Lebco Constructors, Inc., 865 S.W.2d 68, 83 (Tex. App.--Corpus Christi 1993, writ denied). We
overrule point two.

 We affirm the judgment of the trial court.


Before Chief Justice Carroll, Justices Aboussie and Jones

Affirmed

Filed: March 1, 1995

Do Not Publish

1.   That amendment eviscerated the earlier, contrary 1981 holding in Jones v. Ben
Maines Air Conditioning, Inc., 621 S.W.2d 437, 438 (Tex. Civ. App.--Texarkana, no writ)
upon which Dalton relied to support his contention that Cintas's proof was not sufficiently
particular.