Dismissed and Memorandum Opinion filed July 15, 2004









Dismissed and Memorandum Opinion filed July 15, 2004.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00262-CV

____________

 

HOWARD KIM, Appellant

 

V.

 

BRAD SCARBOROUGH and SCARBOROUGH PROPERTIES, LLC, Appellees

 



 

On
Appeal from the County Civil Court at Law No. 4

Harris
County, Texas

Trial
Court Cause No. 806,339

 

 



M E M O R A N D U M  O P I N I O N

This is an appeal from a judgment signed January 20,
2004.  Appellant=s brief was due April 22, 2004.  No brief or motion for extension of time was
filed.  On May 13, 2004, the Court issued
an order stating:

Unless appellant submits his brief, and a motion
reasonably explaining why the brief was late, to the Clerk of this Court on or
before June 11, 2004, the Court will dismiss the appeal for want of
prosecution.  See Tex. R. App. P. 42.3(b).  

 








On June 9, 2004, both Howard Kim and his wife, Okjin Kim,
filed separate motions for extension of time to file a brief in this
appeal.  Upon review of the motions and
the record, it appears that this Court may not have jurisdiction over this
appeal.  Suit was filed by Ok Jin Kim
d/b/a Elite Auto Sales, and the judgment of the court below recites: APlaintiff Ok Jin Kim shall take
nothing from Defendants Scarborough Properties and Brad R. Scarborough and all
relief requested in Plaintiff Ok Jin Kim=s petition is DENIED.@ 
Howard Kim was not a party to the suit. 
The only notice of appeal in the record is filed by Howard Kim as
appellant.  Moreover, although the notice
of appeal states it is filed by Howard Kim, it is signed by Okjin Kim, pro se.  The record does not indicate that Okjin Kim
is an attorney.  Accordingly, she may not
sign a notice of appeal on behalf of Howard Kim.  The record also reveals numerous other
litigation between these parties; therefore, the incorrect notice of appeal could
easily cause confusion as to which case is being appealed.  

The notice of appeal is defective.  See Tex.
R. App. P. 25.1(d)(3),(5).  When
an appellant files an instrument that is a bona fide attempt to invoke
appellate court jurisdiction, a court of appeals should allow an opportunity to
amend a defective instrument before dismissal. 
City of San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex.1992)
(per curiam); Grand Prairie I.S.D. v. Southern Parts Imports, Inc., 813
S.W.2d 499, 500 (Tex.1991) (per curiam). 
Therefore, on June 17, 2004, this Court issued an order stating:

This appeal will be dismissed for want of jurisdiction
unless the jurisdictional defect is corrected by an amended notice of appeal
filed with the clerk of this court on or before June 30, 2004.  See Tex. R. App. P. 25.1(f). 


 

Howard Kim submitted a letter acknowledging the error and
requesting that we delete his name as appellant and substitute his wife=s name.  Okjin Kim did not file an amended notice of
appeal or otherwise respond to the Court=s June 17, 2004 order.  Accordingly, the only notice of appeal before
the Court names an individual who is not a party to the suit.

We, therefore, dismiss the appeal.  See Tex.
R. App. P. 42.3.

PER CURIAM

 

Memorandum Opinion filed July 15,
2004.

Panel consists of Chief Justice
Hedges and Justices Frost and Guzman.