TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-04-00224-CV






Mark McCandless, Joe Petrocelli, and Powell Lane Plaza Partnership, Appellants



v.



Metal Building Components, L.P., Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. GN401001, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING






O R D E R




 Appellee Metal Building Components, L.P., has filed a motion to dismiss this appeal
for want of jurisdiction. This appeal arises from a default judgment against appellants Mark
McCandless, Joe Petrocelli and Powell Lane Plaza, some, but not all, of the defendants in the
underlying litigation in trial court cause number GN203730. On March 25, 2004, the trial court
severed the default judgment against these three defendant-appellants and assigned to the severed
default judgment the new cause number of GN401001. Appellants then timely filed a notice of
appeal, but used the cause number GN203730 on the notice. Appellees now contend that filing the
notice of appeal under the wrong cause number deprives this Court of jurisdiction because appellants
have not filed a notice of appeal in the only appealable cause to which they can be a party, trial court
cause number 401001, and there is no final judgment in trial court cause number GN203730 subject
to appeal. We will overrule the motion to dismiss.

 A document attempting to invoke appellate jurisdiction timely filed in the wrong
cause number does not defeat appellate jurisdiction. See Blankenship v. Robins, 878 S.W.2d 138,
138-39 (Tex. 1994); McRoberts, v. Ryals, 863 S.W.2d 450, 452-53 (Tex. 1993); City of San Antonio
v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992); Mueller v. Saravia, 826 S.W.2d 608, 609 (Tex.
1992). There does not have to be a different cause number or separate physical file to make a
severed cause appealable. See Martinez v. Humble Sand & Gravel, Inc., 875 S.W.2d 311, 313-14
(Tex. 1994). In this case, the notice of appeal used the trial-court caption, the three appealing parties
were clearly identified, the notice referred to the default judgment of January 5, and listed the correct
district court and judge presiding. The notice stated that the default judgment was rendered in favor
of plaintiff-appellee Metal Building Components, L.P. and that the three appellants desired to take
an appeal to the Third Court of Appeals, the correct appellate court. The notice of appeal has a
certificate of service showing service on all parties. See Tex. R. App. P. 25.1(d), (c) (contents of
notice of appeal.)

 The notice of appeal was clear enough concerning the cause that was being appealed
so as not to cause confusion. (1) See Rodriguez, 828 S.W.2d at 418 (timely notice of appeal filed in
wrong cause number did not cause confusion and was bona fide attempt to perfect appeal). We note
the admonition that courts of appeals decisions should "turn on substance rather than procedural
nicety." See, e.g., Crown Life Ins. v. Estate of Gonzales, 820 S.W.2d 121, 121 (Tex. 1991); see also
Verburgt v. Dorner, 959 S.W.2d 615, 615 (Tex. 1997) (implied motion for extension of time). The
perfecting instrument was timely filed; this is not a prohibited alteration of the time to perfect an
appeal. See Tex. R. App. 2.

 Appellant timely filed a perfecting instrument in a bona fide attempt to invoke our
jurisdiction and has succeeded. (2) Accordingly, we overrule appellee's motion to dismiss.

 It is ordered August 13, 2004.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Kidd and B. A. Smith

1. In fact the notice was clear enough that the Third Court's clerk's office's docketing information
already shows the correct trial court cause number.
2. We note that appellee's motion to dismiss was filed after appellants' brief was filed. Under rule
25.1 (f), "After the appellant's brief is filed, the notice may be amended only on leave of the
appellate court and on such terms as the court may prescribe." Accordingly, inasmuch as our
docketing information already reflects the correct trial court cause number, we deem the notice of
appeal amended to reflect cause number GN401001 as the trial court cause from which appeal is
taken.