TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00138-CV






Rainbow Group, Ltd. and Alan Sager, Appellants


v.


Bonnie Wagoner, Morgana Morgan, Debbie Berry, and Debbie Barr Villegas,

on Behalf of Themselves and Others Similarly Situated, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. GN9202221-A, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING





O P I N I O N



 This accelerated appeal arises from a set of orders entered by the trial court relating
to the certification of a class of hairstylists represented by Bonnie Wagoner, Morgana Morgan,
Debbie Berry, and Debbie Barr Villegas, appellees, against their former employer, Supercuts, which
is owned by Rainbow Group, Ltd. and Alan Sager, appellants. (1) Specifically, Rainbow Group appeals
a November 23, 2005 order denying its motion to decertify the class and a December 19, 2005 order
granting the hairstylists' motion to amend the class certification. Because the November 23 order
is not properly subject to an interlocutory appeal and because Rainbow Group failed to timely file
a notice of appeal in relation to the December 19 order, we are compelled to dismiss this appeal for
want of jurisdiction. See Tex. R. App. P. 26.1(b).

PROCEDURAL BACKGROUND


 The instant appeal is the latest progression in nearly fifteen years of litigation between
the hairstylists and Rainbow Group, which began with the hairstylists' complaint that Rainbow
Group committed breach of contract by refusing to pay them when they were at work but "off the
clock," i.e., not performing haircuts. 

 In 1993, the plaintiffs sought and obtained certification of a class of hairstylists
formerly employed by Rainbow Group to pursue the breach of contract claim for "off the clock"
compensation. Following a removal to federal court and a remand to state court, Rainbow Group
appealed the certification order. This Court affirmed the original certification, holding that the
trial court did not abuse its discretion in determining that the breach of contract claims could be
litigated on a classwide basis. Rainbow Group, Ltd. v. Johnson, 990 S.W.2d 351, 356, 361
(Tex. App.--Austin 1999, pet. dism'd w.o.j.) (Rainbow Group I). This opinion, however, predated
Southwest Refining Co. v. Bernal, 22 S.W.3d 425 (Tex. 2000), and later cases mandating a rigorous
analysis of class certification before a class is certified. (2)

 On remand from Rainbow Group I, the trial court ordered that the trial proceedings
would be bifurcated to first consider the "liability issues common to the class, if any, and the
individual liability issues and the damages if any of those class members who testify live or by
deposition," while the "individual liability issues, if any, and the amount of damages, if any, suffered
by the non-testifying class members and the amount of attorneys' fees and costs, if any, to which
Plaintiffs may be entitled, will be determined in a subsequent proceeding or proceedings." The
plaintiffs then filed a second amended petition, which added quantum meruit as an alternative theory
of recovery. The original class certification order, however, was not amended to add quantum meruit
as a claim certified for classwide adjudication following the filing of the second amended petition. 

 Following a bench trial in May 2000, the trial court issued a judgment awarding
only individual damages on the basis of quantum merit to thirteen hairstylists (which included the
four named class representative plaintiffs and nine class members) who appeared and testified at the
trial. (3) Although the judgment is silent regarding the breach of contract claims, the parties do not
dispute that these thirteen hairstylists did not prevail on their breach of contract claims. (4) The
judgment also recites that "the claims of the remaining class members" were severed and assigned
a new cause number. (5)

 Rainbow Group appealed the damages award, and the thirteen hairstylists cross-appealed the denial of their breach of contract claims and the amount of post-judgment interest. See
Rainbow Group, Ltd. v. Johnson, No. 03-00-00559-CV, 2002 Tex. App. LEXIS 6359, at *1
(Tex. App.--Austin Aug. 30, 2002, pet. denied) (Rainbow Group II). In that opinion, this Court
discussed the parties' dispute as to whether--in light of the second amended petition adding
quantum merit as a claim for relief in the absence of an amendment to the class certification
order--the quantum merit claim could be pursued on a classwide basis. Id. at *5-7. Under the
circumstances presented, this Court "failed to see the significance" of the dispute because the trial
court had not adjudicated any quantum meruit claims on behalf of the class. Id. at *6-7. Rather, the
quantum meruit claims of the thirteen testifying hairstylists had been adjudicated on only an
individual basis. Id. at *7. Accordingly, this Court did "not decide any issues relating to the alleged
quantum meruit class." Id. (emphasis added). (6) Ultimately, this Court reformed the judgment to
include post-judgment interest, reversed and remanded as to attorneys' fees, and otherwise affirmed
the damages award. Id. at *1-2, *39.

 One month after the issuance of Rainbow Group II, in the severed cause, the
remaining members of the original class filed a "motion to certify quantum meruit claim as a class
action." (7) The motion recognized that the 1993 certification was based on a suit "filed as a breach
of contract action" and that the certification had never been amended to include a quantum meruit
theory of recovery as alleged in the second amended petition. 

 Before the motion to certify was heard or ruled on, the hairstylists filed a third
amended petition abandoning the breach of contract claims and asserting quantum meruit as the only
basis for recovery. (8) Thus, at this point, the only claim for which a class had been certified was
effectively nonsuited, and the only remaining claim in the lawsuit had yet to have a class certified
or to undergo the "rigorous analysis" required for class certification. See Bernal, 22 S.W.3d at 435. 
The third amended petition claimed that "Plaintiffs sue on behalf of themselves and a class defined
as: All Supercuts hairstylists employed at any time between February 21, 1988 and July 16, 1993 at
a 'Supercuts' store operated by Rainbow Group and Alan Sager." (9)

 In response, Rainbow Group filed both an opposition to the motion to certify a
quantum meruit class and an answer to the third amended petition, which included a plea to the
jurisdiction. Rainbow Group argued that the trial court did not retain jurisdiction over the "severed"
cause because it was an "empty case"--Rainbow Group asserted that the only claim certified for
class treatment was breach of contract and, because this claim was no longer part of the lawsuit, (10)
no justiciable cause survived on behalf of the class. Rainbow Group also argued that, under Bernal,
a class action was not the appropriate device for adjudicating the quantum meruit claims and asserted
various affirmative defenses.

 After conducting a hearing, the trial court granted Rainbow Group's plea to the
jurisdiction without ruling on the hairstylists' motion to certify. The hairstylists appealed, and
this Court reversed, holding that the bench trial had adjudicated only the individual claims of the
thirteen hairstylists (four named plaintiffs and nine class members) who had appeared and testified. 
Because no "class claims" had been adjudicated, the trial court retained jurisdiction over the severed
cause. Wagoner v. Rainbow Group, No. 03-03-00478-CV, 2004 Tex. App. LEXIS 6821, at *13-16
(Tex. App.--Austin July 29, 2004, pet. denied) (Rainbow Group III). (11) As a result, we remanded
the severed cause for further proceedings on the remaining, non-testifying hairstylists' claims. Id. 

 On remand, Rainbow Group filed a "supplemental opposition" to the motion to certify
asking the trial court to rule on that motion, which had yet to be decided given the court's previous
grant of the plea to the jurisdiction. The trial court declined to rule on that motion, and the case was
reassigned to the central docket. The hairstylists then filed a motion to amend the original class
certification order (1) to permit the remaining members of the original class to pursue their quantum
meruit claims as a Rule 42(b)(4) class action, and (2) to designate Wagoner, Morgan, Berry, and
Villegas as the new class representatives.

 Rainbow Group again requested a ruling on the original motion to certify, arguing that
it was unfair to allow the plaintiffs to file and have heard a duplicative motion when the first one was
still pending. The hairstylists responded that it would be unfair to force the decision to be made on
a record that was two years old. The court denied Rainbow Group's request, and the case remained
on the central docket with the hairstylists' motion to amend the class certification pending.

 Rainbow Group then filed a motion to decertify the class arguing, in part, that because
the class had only been certified to pursue breach of contract claims, "the class was effectively
decertified when Plaintiffs filed their Third Amended Petition non-suiting their claim for breach of
contract." Rainbow Group asked that an order be entered reflecting this decertification and argued
that any pleadings asserting a quantum meruit claim on behalf of the remaining hairstylists should
be struck because this claim was barred by limitations.

 On November 8, 2005, the trial court conducted a hearing on Rainbow Group's
motion to decertify and the hairstylists' motion to amend the certification. On November 23, the trial
court issued both an order denying Rainbow Group's motion to decertify the class and a letter
informing the parties that the court would grant the hairstylists' motion to amend the class
certification and directing their counsel to prepare a draft order. On December 19, the trial court
issued its order granting the motion to amend the class certification. Rainbow Group has sought
review of both orders. In response, the hairstylists have filed a motion to dismiss urging that this
Court lacks jurisdiction over the appeal.

ANALYSIS


 Orders certifying or refusing to certify a class are subject to interlocutory appeal. 
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (West Supp. 2006). Appeals from interlocutory
orders are accelerated. Tex. R. App. P. 28.1. A notice of appeal must state the date of the order from
which appeal is sought. Id. 25.1(d)(2). Rule 26.1 requires that, "in an accelerated appeal, the notice
of appeal must be filed within twenty days after the judgment or order is signed." Id. 26.1. (12) This
deadline may be extended by fifteen days if the appellant files a motion reasonably explaining the
need for an extension. Id. 26.3; see also id. 10.5(b)(2).

 The order denying Rainbow Group's motion to decertify the class was signed on
November 23, 2005, and the order granting the hairstylists' motion to amend the prior class
certification was signed on December 19, 2005. Rainbow Group filed a notice of appeal on
December 27, 2005, stating that it was appealing "from the Order signed on November 23, 2005,
denying Defendant's Motion to Decertify Class." Rainbow Group then filed an amended notice of
appeal on January 25, 2006, stating that its December 27 notice "incorrectly referenced only the
November 23, 2005 Order. Defendants hereby amend that notice to appeal the Order signed on
December 19, 2005." On the same day, January 25, Rainbow Group also filed a second notice of
appeal, stating that it was "appealing the Order signed on December 19, certifying this case as a class
action." We consider whether our appellate jurisdiction was invoked, first in relation to the
November 23 order, and second in relation to the December 19 order.


November 23 order


 We lack jurisdiction over an interlocutory appeal of the November 23 order because
an order denying a motion to decertify a class is not within the scope of the statute authorizing
interlocutory appeals. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (allowing interlocutory
appeal of order that certifies or refuses to certify a class action); Bally Total Fitness Corp. v. Jackson,
53 S.W.3d 352, 358 (Tex. 2001) (order refusing to decertify class is not encompassed by section
51.014(a)(3)). Thus, the November 23 order denying Rainbow Group's motion to decertify the class
is not appealable on an interlocutory basis.


December 19 order


 Rainbow Group contends that its amended notice of appeal and its second notice of
appeal, both filed January 25, 2006, perfected an appeal of the December 19 order. We disagree.
Although both of these notices express Rainbow Group's intent to appeal the December 19 order,
neither of these notices was timely filed. The deadline for appealing the December 19 order was
January 9--the first business day following twenty days from the date the order was signed. See
Tex. R. App. P. 4.1, 26.1. This deadline may be extended if a motion for extension together with
a notice of appeal is filed within fifteen days of the deadline. Id. 10.5, 26.3. Rainbow Group did not
file a motion for extension. Even had Rainbow Group been granted a 15-day extension, the latest
date on which a notice of appeal for the December 19 order could have been timely filed was January
24, 2006. Rainbow Group did not file its amended and second notices of appeal until January 25,
2006. Thus, Rainbow Group did not file a notice of appeal of the December 19 order within the
deadline to invoke our appellate jurisdiction of that order. See id. 26.1, 26.3.

 Rainbow Group argues that its January 25 amended notice relates back to its
December 27 notice, thereby timely perfecting appeal of the December 19 order. However, Rule
25.1(f) does not permit an amendment to add an entirely different order from which the appeal is
taken. See id. 25.1(f).

 Rule 25.1(f) permits an amended notice of appeal to "correct[] a defect or omission
in an earlier filed notice." Id. (emphasis added). This allows for amendments to correct mistakes
or accidents, such as inadvertently omitting one of the statements required by Rule 25.1(d), see
Lefton v. Griffith, 136 S.W.3d 271, 274 n.1 (Tex. App.--San Antonio 2004, no pet.), or correcting
a typographical error, see City of San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992)
(comparing notices of appeal in two different cases, court contrasted one notice's typographical error
in cause number of isolated case, which was amendable defect, with another notice's citation of
wrong cause number in case that had multiple cause numbers involving same parties, which was not
amendable because mistake created confusion as to which judgment party sought to appeal).

 Rule 25.1(f) does not, however, allow an appellant to alter its notice of appeal
from appealing one interlocutory order to appealing an entirely separate interlocutory order. See
Tex. R. App. P. 25.1(f); see also id. 2 (appellate court has power to suspend operation of rule of
appellate procedure, but not in manner that would "alter the time for perfecting an appeal in a civil
case"). We are guided by the analysis of a similar case from our sister court. See Thomas v. Thomas,
No. 14-02-01286-CV, 2003 Tex. App. LEXIS 2180 (Tex. App.--Houston [14th Dist.] Mar. 13,
2003, no pet.). In Thomas, the appellant filed a notice of appeal in November 2002, specifically
stating that she was appealing a July 18, 2002 order. She later asked the court to let her "appeal[]
an order signed October 30, 2002, rather than the July 18, 2002, order specified in her notice of
appeal." Id. at *2. The court held that this was an ineffective notice and did not allow amendment
under Rule 25.1(f) because 


the notice of appeal filed in this case contains neither a defect nor an omission. 
Appellant specified the order she intended to appeal, however. . . . Appellant now
asks that we ignore the specific language in her notice of appeal indicating she is
appealing the July 18th order, and instead, asks that we allow her to appeal a
completely different order, signed on October 30, 2002, not mentioned in the notice
of appeal. If the two orders were not separately appealable, appellant could amend
a notice of appeal. . . . [T]here is no defect or omission in the notice of appeal to be
amended. No notice of appeal was filed by appellant specifying the intent to appeal
the October 30th order. 



Id. at *3-4. Similarly, Rainbow Group's December 27 notice of appeal expressly specified an intent
to appeal the November 23 order, giving not just the date of the order but also listing the title of the
motion that was denied by the order. Further, the December 27 notice contained nothing relevant
to the December 19 order or the relief granted by that order, which ruled on a separate motion and
was separately appealable from the November 23 order. Just as the court concluded in Thomas, we
cannot ignore the specific language in Rainbow Group's initial notice of appeal indicating that it was
appealing the November 23 order and instead allow it, by amendment, to appeal a completely
separate order entered on December 19. See id.

 Accordingly, Rainbow Group cannot now transform its December 27 notice of appeal
(of the November 23 order) into a timely notice of appeal of the December 19 order because this is
not the type of amendment that Rule 25.1(f) was designed to accomplish. See Tex. R. App. P.
25.1(f); see also Crofton v. Amoco Chem. Co., No. 01-01-00526-CV, 2003 Tex. App. LEXIS 4825,
at *9-10 (Tex. App.--Houston [1st Dist.] May 30, 2003, pet. denied) (appellant not permitted
to amend notice of appeal after deadline passed to add another party to appeal because omission
was not mere "clerical defect" contemplated by Rule 25.1(f)); Garcia v. Rodriguez,
No. 08-02-00379-CV, 2003 Tex. App. LEXIS 4225, *4, *6 (Tex. App.--El Paso May 15, 2003,
no pet.) (amendment permitted where appellants erroneously cited date of trial rather than date
judgment signed; noting that this defect was not type that would cause confusion on appeal as to
which order was being challenged on appeal).

 Rainbow Group also argues that its appellate deadline was extended by filing a
request for findings of fact and conclusions of law on January 9. However, the supreme court has
unequivocally held that postjudgment motions do not extend the appellate deadline for filing an
accelerated appeal. In re K.A.F., 160 S.W.3d 923, 924 (Tex. 2005). Specifically, the court held 


that in an accelerated appeal, absent a rule 26.3 [15-day extension] motion, the
deadline for filing a notice of appeal is strictly set at twenty days after the judgment
is signed, with no exceptions, and filing a rule 26.1(a) motion for new trial, motion
to modify the judgment, motion to reinstate, or request for findings of fact and
conclusions of law will not extend that deadline. Allowing such post-order motions
to automatically delay the appellate deadline is simply inconsistent with the idea of
accelerating the appeal in the first place.



Id. at 927 (emphasis added). Because the supreme court expressly included all postjudgment
motions in its holding, we are not persuaded by Rainbow Group's attempt to distinguish In re K.A.F.
on the basis that it involved a motion to modify and motion for new trial rather than a request for
findings and conclusions. See id.

 Finally, Rainbow Group argues that we should apply the rules liberally to compensate
for the unfair confusion created by the trial court's procedures--namely, that on November 23, in
addition to signing the order denying the motion to decertify, the trial court also sent a letter directing
the plaintiffs' counsel to draft an order granting the motion to amend (which was subsequently
signed on December 19). Rainbow Group claims that its appeal should not be dismissed because
it made a bona fide attempt to timely appeal the December 19 order, but was confused as a result of
the trial court's letter. See generally Grand Prairie Indep. Sch. Dist. v. Southern Parts Imps., Inc.,
813 S.W.2d 499, 500 (Tex. 1991) (amendment permissible to correct defect if appellant timely filed
document in bona fide attempt to invoke appellate jurisdiction). Whatever impressions Rainbow
Group drew from the trial court's letter, however, Rainbow Group had both of the trial court's orders
in hand at the time it filed its initial notice of appeal on December 27, and that notice of appeal
referenced only the November 23 order. Considering these circumstances and the prohibition in
Rule 2 against suspending appellate rules to permit an alteration of the time for perfecting civil
appeals, we are unable to accord Rainbow Group's requested leeway. See Tex. R. App. P. 2. (13)





CONCLUSION


 Because the November 23 order denying Rainbow Group's motion to decertify
the class is not subject to an interlocutory appeal and because Rainbow Group failed
to timely appeal the December 19 order, we grant the hairstylists' motion and dismiss this appeal
for want of jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3); Tex. R. App. P.
26.1(b), 26.3, 42.3(a).



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed: March 1, 2007

1. We will refer to appellants collectively as "Rainbow Group."
2. The original certification order stated only that, having considered the record, evidence,
and arguments before it, the trial court found the requirements of Texas Rule of Civil Procedure 42
were satisfied. Bernal now requires that a trial court perform a "rigorous analysis" before certifying
a class to determine whether all prerequisites to certification have been satisfied. Southwest Ref. Co.
v. Bernal, 22 S.W.3d 425, 435 (Tex. 2000). One aspect of this change in the law is that
the requirement that the classwide claims "predominate" over individual claims must be rigorously
analyzed by the court at the outset of the litigation. The predominance requirement
must be considered first because it "is one of the most stringent prerequisites to class certification." 
Id. at 433. "The predominance requirement is intended to prevent class action litigation when the
sheer complexity and diversity of the individual issues would overwhelm or confuse a jury or
severely compromise a party's ability to present viable claims or defenses." Ford Motor Co. v.
Sheldon, 113 S.W.3d 839, 846 (Tex. App.--Austin 2003, no pet.) (quoting Henry Schein, Inc. v.
Stromboe, 102 S.W.3d 675, 690 (Tex. 2002)). "A lawsuit may be certified for class litigation only
if it is clear that all elements of plaintiffs' proposed claims can be tried to a single jury (by both
plaintiffs and defendants) using evidence and arguments equally applicable to every class member." 
Id. at 850 (emphasis added) (citing Bernal, 22 S.W.3d at 435-36). If it is not determinable from the
outset that the individual issues can be considered in a manageable, time-efficient, yet fair manner,
then certification is not appropriate. Bernal, 22 S.W.3d at 436.
3. The question of whether individual members of the class who are not joined as plaintiffs
can have their claims separately adjudicated simply because they appear and testify is not before us. 
4. After Rainbow Group paid the thirteen hairstylists' individual quantum meruit damages,
the thirteen hairstylists signed releases of the judgment liens.
5. Rainbow Group asserts that it has "challenged that severance in the trial court," but such
a challenge is not before us in the current appeal.
6. We note that in the trial court's December 19, 2005 order (which is at issue in the current
appeal), in determining whether common issues prevail as to each of the three quantum meruit
elements, the court relies on Rainbow Group II for the proposition that this Court found the
hairstylists' testimony sufficient to establish each element of quantum meruit and then states "the
Defendants offer no reason why Plaintiffs could not prove [these elements] in the same class-wide
manner." (Emphasis added). No one disputes, however, that no class claims were adjudicated in
the bench trial that was the subject of Rainbow Group II. See 2002 Tex. App. LEXIS 6359, at *7. 
What this Court affirmed in Rainbow Group II was the sufficiency of the individual testimony of
thirteen hairstylists to support the recovery of individual damages on quantum meruit--the testimony
did not establish, and this Court did not affirm, any classwide relief. Id.
7. The attorneys for the class also sought to have new class representatives named because
the claims of the original class representatives had been adjudicated on an individual basis in the
bench trial.
8. This amended pleading had the legal effect of nonsuiting the claims for breach of contract. 
J.M. Huber Corp. v. Santa Fe Energy Res., 871 S.W.2d 842, 844 (Tex. App.--Houston [14th Dist.]
1994, writ denied) ("amended petition also supersedes all prior petitions and operates to dismiss
parties and causes of action to the extent they are omitted from the amended pleading") (emphasis
added); see also Webb v. Jorns, 488 S.W.2d 407, 409 (Tex. 1972) (amended petition omitting
defendant "operated as a voluntary dismissal as to that party").
9. We note that no court had certified this class; the original, certified class was "All
hairstylists employed by Defendants Rainbow Group Ltd. and Alan Sager at anytime between
February 21, 1988 and the present."
10. Rainbow Group argued that the contract claims had been adjudicated adversely to the class
in the bench trial. However, the trial court expressly severed all classwide claims and adjudicated
only individual claims in the bench trial. Nonetheless, the breach of contract claims on behalf of the
class were effectively nonsuited by the filing of the third amended petition and were no longer part
of the lawsuit.
11. Given the current procedural posture of this litigation, it is necessary to further explain our
statements in Rainbow Group III that the "class quantum meruit claims of the non-testifying
hairstylists were not adjudicated . . . but rather were severed" and that, "[b]ecause . . . no final
judgment has been entered on the hairstylists' class claims, the class certification order may still be
amended." Id. at *15-16. This language should not be read as expressing the view that a quantum
meruit class had been certified. Our holding should be understood as recognizing that, following the
bench trial, the request in plaintiffs' pleadings for class certification of the quantum meruit claims
survived for the trial court to consider in the severed cause. At the time of the court's judgment, the
breach of contract claims for which a class had been certified had not been abandoned. Thus, there
existed a certified class, which could have possibly been amended to include additional claims
should class treatment be warranted. Because the trial court had ruled only on the plea to the
jurisdiction and not the motion to certify, in Rainbow Group III we noted that the issue of whether
a class action was the appropriate method to adjudicate quantum meruit claims was not before this
Court. Id. at *9 n.3. Also, Rainbow Group's arguments were considered only in light of their claim
that the trial court had denied class relief on the breach of contract claim without considering the
effect of the abandonment of that claim in the third amended petition. 
12. All references to "Rules" in this opinion refer to Texas Rules of Appellate Procedure.
13. In addition to arguing that the December 19 order was not timely appealed, the hairstylists 
contend that, like the November 23 order, the December 19 order purporting to amend the class
certification is not within the scope of the interlocutory appeals statute because it neither certifies
nor refuses to certify a class. See Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (West Supp.
2006). Although we do not reach this alternative argument because the timeliness issue is
dispositive of our jurisdiction over the December 19 order, we note that when this "amendment" was
made to the class certification, there was no certified class to amend. The previously certified class
for the breach of contract claims had ceased to exist when the breach of contract claims were
nonsuited. See Summit Office Park, Inc. v. United States Steel Corp., 639 F.2d 1278, 1281, 1284-85
(5th Cir. 1981) (affirming district court's refusal to permit amended pleading where "the cause of
action and original named plaintiff had been dismissed and [] no named plaintiff or certified class
member remained with any further stake in the outcome of the litigation" because "[a] pleading
which abandons the original plaintiff and class and asserts new claims upon which the original
plaintiff and class could not recover has the characteristics of a new lawsuit rather than an amended
complaint"). We express no opinion as to whether the December 19 order can be characterized as
"certifying or refusing to certify" a class for the purposes of section 51.014 when it purports to
amend a nonexistent class and relies on features of the nonexistent class to support the analysis
required by Bernal and its progeny.