# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00405-CV

**The Daneshjou Company, Inc., Appellant**

**v.**

**Homer Reed d/b/a Austin Building Products; The Hartford Financial Services Group, Inc.; and Susan Procenko, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
### 274,887 & 12,723, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this proceeding, The Daneshjou Company, Inc., seeks to appeal a judgment or judgments that it take nothing on its claims against The Hartford Financial Services Group, Inc., Susan Procenko, and Homer Reed d/b/a Austin Building Products. Appellees have each filed motions to dismiss Daneshjou's appeal or appeals for want of subject-matter jurisdiction. Appellees assert that Daneshjou failed to file a timely notice of appeal. We agree and will render a judgment of dismissal.

Daneshjou originally sued appellees in 2004 in trial court cause number 03-274887. In November 2007, Daneshjou's claims against Hartford and Procenko were severed into a separate cause, number 07-12723. Subsequently, on January 8, 2008, the trial court in cause number 07-12723 granted summary judgment in favor of Hartford and Procenko and rendered final judgment that Daneshjou take nothing on its suit. On January 14, 2008, the trial court similarly granted

summary judgment for Homer Reed in cause number 03-274887 and rendered a final judgment dismissing Daneshjou's claims against it with prejudice.[1]

On February 5, 2008, Daneshjou filed a motion for new trial regarding "[t]he judgment [that] was signed on January 8, 2008 and January 14, 2008." Daneshjou filed this motion solely in the "parent" action, cause number 03-274887. Appellees concede that Daneshjou's filing was timely as to both judgments and sufficed to extend the appellate timetables as to each. *See Tanner v. Karnavas*, 86 S.W.3d 737, 744 (Tex. App.—Dallas 2002, pet. denied) (Texas Supreme Court "has held that a motion for new trial or attempt to invoke appellate jurisdiction timely filed in the wrong cause number will not defeat appellate jurisdiction") (citing *Blankenship v. Robins*, 878 S.W.2d 138, 138-39 (Tex. 1994) (per curiam); *McRoberts v. Ryals*, 863 S.W.2d 450, 454-55 (Tex. 1993); *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam); *Mueller v. Saravia*, 826 S.W.2d 608, 609 (Tex. 1992) (per curiam)).

Daneshjou's motion for new trial was overruled by operation of law on Monday, March 24, 2008, as to the final judgment in cause number 07-12723, and on Monday, March 31, 2008, as to the judgment in cause number 03-274887. *See* Tex. R. Civ. P. 4, 329b(c). To appeal either judgment, Daneshjou was required to file its notice of appeal within ninety days after the date the judgment was signed. Tex. R. App. P. 26.1(a)(1). This deadline was Monday,

---

[1] Although Daneshjou had named one additional defendant, Caoba Doors, in its petition in cause number 03-274887 and included Caoba in the caption to its notice of appeal, the record indicates that Caoba was never served and did not answer. *See M.O. Dental Lab. v. Rape*, 139 S.W.3d 671, 674 (Tex. 2004). Daneshjou has not disputed that the January 14, 2008 judgment in cause number 03-274887 was a final, appealable judgment.

April 7 for cause number 07-12723 and Monday, April 14 as to cause number 03-274887. *See id.* 4.1, 26(a)(1). Daneshjou did not file a notice of appeal until May 8, 2008—the 121st day after the judgment was signed in cause number 07-12723 and the 115th day after the judgment was signed in cause number 03-274887.[2] Daneshjou's filing, appellees further observe, was also too late to invoke the "implied extension" rule of *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Daneshjou does not dispute that its notice of appeal was untimely under these rules, but urges that these deadlines should be extended under rule 4.2 of the rules of appellate procedure to make its notice of appeal timely. *See* Tex. R. App. P. 4.2. Rule 4.2(a)(1) provides:

> If a party affected by a judgment or other appealable order has not—within 20 days after the judgment or order was signed—either received the notice required by Texas Rule of Civil Procedure 306a.3 [to be mailed by the trial court clerk] or acquired actual knowledge of the signing, then a period that, under these rules, runs from the signing will begin for that party on the earlier of the date when the party receives notice or acquires actual knowledge of the signing. But in no event may the period begin more than 90 days after the judgment or order was signed.

*Id.*; *see* Tex. R. Civ. P. 306a(3) ("[T]he clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed."). Daneshjou asserts that "[t]he clerk of the court failed to mail the notice of judgment as required by Rule 306a" in either case and attaches an affidavit from its counsel averring that "[t]he Court did not send a copy of the Judgment to my office." As for when it might have received actual notice

---

[2] As it did with its motion for new trial, Daneshjou filed a single notice of appeal in Cause No. 03-274887 purporting to challenge both final judgments. Appellees concede that the mere fact Daneshjou filed its notice of appeal from the final judgment in Cause No. 07-12723 in the wrong cause number is not alone a basis for dismissing that appeal. *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (per curiam).

that the judgments had been signed, Daneshjou professes that it "did not learn about the Summary Judgment[s] until several weeks later." It adds that "[w]hile case law currently has limited the timeline [for postponement under rule 4.2] to 90 days from the date of the signing of the judgment, it would be a serious miscarriage of justice" not to postpone its appeal period even further "when Appellant had no notice of these judgments through no fault of its own." Rule 4.2 does not aid Daneshjou for several reasons.

First, Daneshjou failed to obtain a ruling from the trial court regarding the date on which it obtained notice of each judgment. The procedure to gain additional time under appellate rule 4.2 "is governed by Texas Rule of Civil Procedure 306a(5)." Tex. R. App. P. 4.2(b). Rule 306a(5) states that "the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." Tex. R. Civ. P. 306a(5). Daneshjou made no effort to obtain these required rulings before the trial court's plenary power expired.

In any event, the record conclusively establishes that Daneshjou had acquired actual knowledge of the trial court's signing of both judgments by February 5, 2008, at the latest. On that date, Daneshjou filed its motion for new trial, in which it acknowledged that the judgments had been "signed on January 8, 2008, and January 14, 2008," thereby demonstrating its actual knowledge of those facts. If Daneshjou's appeal period was extended under rule 4.2 to begin on February 5, its notice of appeal would have been due on March 6—and still would have been untimely. February 5, moreover, was within the normal thirty-day deadline within which Daneshjou was

4

required to file its motion for new trial.[3] *See* Tex. R. Civ. P. 329b(a). Because Daneshjou met this deadline, its deadline to file its notice of appeal became the ninetieth day after each judgment was signed, effectively mooting the question of when it received actual notice of the judgments' signings for purposes of rule 4.2.

Daneshjou also attempts to rely on a second notice of appeal that it filed on June 19, 2008, purporting to challenge the trial court's overruling of its new trial motion.[4] Daneshjou's second notice of appeal does not invoke our jurisdiction because the trial court's overruling of Daneshjou's new trial motion is neither a final judgment nor a statutorily authorized interlocutory appeal. In other words, Daneshjou cannot independently appeal the trial court's ruling on its new trial motion without timely perfecting its appeal of the underlying judgment. Moreover, even if Daneshjou could independently appeal the trial court's overruling of its new trial motion by operation of law, its second notice of appeal was untimely. June 19 was over eighty days after the motion was overruled by operation of law. Daneshjou again attempts to argue that it is entitled to extend its appellate period under rule 4.2 because it "did not receive notice that the motion for new trial was denied," but there is no requirement that courts give notice when a new trial motion is overruled by operation of law. *See Davis v. Smith*, 227 S.W.3d 299, 303 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

---

[3] February 5, 2008 was the twenty-eighth day after January 8 and the twenty-second day after January 14.

[4] As with its first notice of appeal, Daneshjou filed its second appeal notice solely in Cause No. 03-274887.

5

Daneshjou, in short, failed to timely perfect an appeal from either of the final summary judgments at issue here. Subject-matter jurisdiction is a "threshold issue" in every appeal. *See Gonzalez v. Concerned Citizens of Webberville*, 173 S.W.3d 112, 116 (Tex. App.—Austin 2005, pet. denied). Absent a timely filed notice of appeal, we lack jurisdiction to do anything other than dismiss the appeal. *See Grondona v. Sutton*, 991 S.W.2d 90, 93 (Tex. App.—Austin 1998, pet. denied).

We agree with appellees that we lack subject-matter jurisdiction over Daneshjou's appeal. Accordingly, we must render judgment dismissing the appeal.

_____

Bob Pemberton, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: October 16, 2008