

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-13-00245-CV

**IN THE INTEREST OF C.G.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01992
Honorable Martha B. Tanner, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Catherine Stone, Chief Justice
Sandee Bryan Marion, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  February 26, 2014

REVERSED AND REMANDED

In this restricted appeal, Robert[1] G. challenges a no-answer default order terminating his parental rights to C.G.  Robert claims the default judgment was improper because he had filed an answer, and consequently error is apparent on the face of the record.  We agree, and we therefore reverse the judgment of the trial court and remand the case to the trial court.

**BACKGROUND**

On August 21, 2012, appellees Richard and Donna C. filed an Original Petition to Terminate Parent-Child Relationship in cause number 2012-PA-01992.  Richard and Donna are C.G.'s maternal grandparents and his custodial nonparents.  The petition sought to terminate

---

[1] To protect their privacy, we identify the parties in this case by their first name and last initials only.  *See* TEX. FAM. CODE ANN. § 104.002(d) (West Supp. 2013).

Robert's parental rights to C.G.  Robert filed an answer on October 5, 2012.  Although the answer was correctly styled, it contained the wrong cause number, and was filed in cause number 2012-EM5-01671 instead of in cause number 2012-PA-01992.  On October 6, 2012, Robert's counsel faxed the answer to appellees' counsel at the fax number provided on the Original Petition to Terminate Parent-Child Relationship; Robert's counsel received a fax confirmation sheet indicating that the transmission was received.

Thereafter, on January 11, 2013, the trial court signed a default order terminating the parent-child relationship between Robert and C.G.  The judgment reflects that "Respondent, ROBERT [G.], although duly cited to appear, failed to file an answer and wholly made default." Thereafter on March 18, 2013, Robert untimely filed a "Motion for Judgment Nunc Pro Tunc," seeking to correct the inaccurate cause number on the original answer.   Both the original answer and the fax confirmation sheet were attached to the motion as exhibits.  The motion was denied. Robert subsequently filed a notice of restricted appeal.  He now argues that the default judgment was erroneously granted given that he filed an answer prior to the signing of the order of termination.

## STANDARD OF REVIEW

A restricted appeal is a type of direct attack on a default judgment.  TEX. R. APP. P. 30; *Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789, 792 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  To obtain relief through a restricted appeal, Robert must establish that: (1) he filed notice of restricted appeal within six months after the judgment or order was signed; (2) he was a party to the underlying suit; (3) he did not participate in the hearing that resulted in the judgment and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *Ins. Co. of State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam) (citing *Alexander v. Lynda's Boutique*,

134 S.W.3d 845, 848 (Tex. 2004)); *see also* TEX. R. APP. P. 26.1(c), 30. The requirements should be liberally construed in favor of the right to appeal. *Stubbs v. Stubbs*, 685 S.W.2d 643, 645 (Tex. 1985) (discussing requirements for appeal by "writ of error" procedure, which has been replaced by the restricted appeal).

The only issue before us is whether error is apparent on the face of the record. The face of the record includes the reporter's record[2] and documents that were before the court at the time the challenged order was signed. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991); *In re Guardianship of V.A.*, 390 S.W.3d 414, 416 (Tex. App.—San Antonio 2012, pet denied).

### DISCUSSION

Robert argues that a default judgment taken after an answer is filed, known to opposing counsel, in the correct court, with the correct style, but with an inaccurate cause number, is error apparent on the face of the record. A default judgment may not be granted when the defendant has an answer on file, even if the trial judge was unaware that the answer was filed. TEX. R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (noting that default judgment was improper even though the answer was not filed on or before answer date, but was filed two hours and twenty minutes before the default judgment was signed, and even though the trial judge was unaware that the answer was filed).

Here, although it contained the wrong cause number, Robert's answer was filed three months before the default judgment was granted. This court was presented with a similar situation in *Alvarez v. Kirk*, where a default judgment was entered against the appellant even though she

---

[2] The termination order reflects that "the record of testimony was duly reported by the court reporter;" however, the reporter's record was not filed in this court.

had filed an answer, albeit in the wrong cause number. *See Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 WL 2480141, at *1 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.). We held that error was apparent on the face of the record, and reversed the granting of the default judgment, reasoning that "[t]he fact that the answer was filed in the wrong cause number does not defeat its effectiveness." *Id.* (citing *City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992)). We recognize that the appellant in *Alvarez* mistakenly filed the answer in the wrong cause number due to the fact that she was not notified of the new cause number that was created by a severance. *See Alvarez*, 2004 WL 2480141, at *1. Although those facts are not present in the instant case, we note that a restricted appeal is not an equitable proceeding and that "[a restricted appeal] appellant is not required to show diligence or lack of negligence before its complaints will be heard . . . [because] it is the *fact* of nonparticipation, not the reason for it, that determines the right to [a restricted appeal]." *Texaco, Inc. v. Cent. Power & Light Co.*, 925 S.W.2d 586, 590 (Tex. 1996) (internal citations omitted); *see also Orgoo, Inc. v. Rackspace US, Inc.*, 341 S.W.3d 34, 40 (Tex. App.—San Antonio 2011, no pet.). Given that Robert's answer was on file before the termination order was signed, we conclude the trial court's rendition of the default judgment was erroneous and such error is apparent from the face of the record. Because Robert has demonstrated that he meets all the requirements for a restricted appeal, Robert is entitled to have the default order of termination set aside. We therefore reverse the judgment of the trial court ordering that Robert's parental rights to C.G. be terminated, and remand the case to the trial court for further proceedings.

Rebeca C. Martinez, Justice