**Order filed July 7, 2022**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-22-00001-CV**
_____

**STANLEY C. NWOKENKWO, INDIVIDUALLY, ADWUMI ADENIYI, INDIVIDUALLY, AND OLUWATOYIN ADENIYI, INDIVIDUALLY, Appellants**

**V.**

**JP MORGAN CHASE BANK, N.A., Appellee**

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2019-53231A**

## ORDER

This is an appeal from an order signed November 4, 2021, made final by order of severance on December 1, 2021. Appellant filed a notice of appeal on December 30, 2021. The notice of appeal was filed in trial court cause number 2019-53231, but the severance order transferred the November 4, 2021, order to

trial court cause number 2019-53231A. Accordingly, the notice of appeal, which should have been filed in cause number 2019-53231A, is defective.

An incorrect cause number on the notice of appeal does not defeat the jurisdiction of the court of appeals if the instrument is a "bona fide attempt" to invoke appellate court jurisdiction. *San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992). An appellant should be given an opportunity to amend a defective perfecting instrument before the court of appeals may dismiss an appeal. *Grand Prairie I.S.D. v. Southern Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991).

Appellant's notice of appeal is a bona fide attempt to invoke this court's jurisdiction. Appellant is ordered to file an amended notice of appeal within **ten days** of the date of this order. The appeal is subject to being dismissed without further notice for lack of jurisdiction if appellant does not comply with this order. *See* Tex. R. App. P. 42.3.


PER CURIAM


Panel Consists of Chief Justice Christopher and Justices Wise and Jewell.