# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00138-CV

**Rainbow Group, Ltd. and Alan Sager, Appellants**

**v.**

**Bonnie Wagoner, Morgana Morgan, Debbie Berry, and Debbie Barr Villegas,
on Behalf of Themselves and Others Similarly Situated, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. GN9202221-A, HONORABLE STEPHEN YELENOSKY, JUDGE PRESIDING**

## O P I N I O N

This accelerated appeal arises from a set of orders entered by the trial court relating to the certification of a class of hairstylists represented by Bonnie Wagoner, Morgana Morgan, Debbie Berry, and Debbie Barr Villegas, appellees, against their former employer, Supercuts, which is owned by Rainbow Group, Ltd. and Alan Sager, appellants.[1] Specifically, Rainbow Group appeals a November 23, 2005 order denying its motion to decertify the class and a December 19, 2005 order granting the hairstylists' motion to amend the class certification. Because the November 23 order is not properly subject to an interlocutory appeal and because Rainbow Group failed to timely file a notice of appeal in relation to the December 19 order, we are compelled to dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 26.1(b).

---

[1] We will refer to appellants collectively as "Rainbow Group."

## PROCEDURAL BACKGROUND

The instant appeal is the latest progression in nearly fifteen years of litigation between the hairstylists and Rainbow Group, which began with the hairstylists' complaint that Rainbow Group committed breach of contract by refusing to pay them when they were at work but "off the clock," i.e., not performing haircuts.

In 1993, the plaintiffs sought and obtained certification of a class of hairstylists formerly employed by Rainbow Group to pursue the breach of contract claim for "off the clock" compensation. Following a removal to federal court and a remand to state court, Rainbow Group appealed the certification order. This Court affirmed the original certification, holding that the trial court did not abuse its discretion in determining that the breach of contract claims could be litigated on a classwide basis. *Rainbow Group, Ltd. v. Johnson*, 990 S.W.2d 351, 356, 361 (Tex. App.—Austin 1999, pet. dism'd w.o.j.) (*Rainbow Group I*). This opinion, however, predated *Southwest Refining Co. v. Bernal*, 22 S.W.3d 425 (Tex. 2000), and later cases mandating a rigorous analysis of class certification before a class is certified.[2]

---

[2] The original certification order stated only that, having considered the record, evidence, and arguments before it, the trial court found the requirements of Texas Rule of Civil Procedure 42 were satisfied. *Bernal* now requires that a trial court perform a "rigorous analysis" before certifying a class to determine whether all prerequisites to certification have been satisfied. *Southwest Ref. Co. v. Bernal*, 22 S.W.3d 425, 435 (Tex. 2000). One aspect of this change in the law is that the requirement that the classwide claims "predominate" over individual claims must be rigorously analyzed by the court at the outset of the litigation. The predominance requirement must be considered first because it "is one of the most stringent prerequisites to class certification." *Id.* at 433. "The predominance requirement is intended to prevent class action litigation when the sheer complexity and diversity of the individual issues would overwhelm or confuse a jury or severely compromise a party's ability to present viable claims or defenses." *Ford Motor Co. v. Sheldon*, 113 S.W.3d 839, 846 (Tex. App.—Austin 2003, no pet.) (quoting *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 690 (Tex. 2002)). "A lawsuit may be certified for class litigation *only*

On remand from *Rainbow Group I*, the trial court ordered that the trial proceedings would be bifurcated to first consider the "liability issues common to the class, if any, and the individual liability issues and the damages if any of those class members who testify live or by deposition," while the "individual liability issues, if any, and the amount of damages, if any, suffered by the non-testifying class members and the amount of attorneys' fees and costs, if any, to which Plaintiffs may be entitled, will be determined in a subsequent proceeding or proceedings." The plaintiffs then filed a second amended petition, which added quantum meruit as an alternative theory of recovery. The original class certification order, however, was not amended to add quantum meruit as a claim certified for classwide adjudication following the filing of the second amended petition.

Following a bench trial in May 2000, the trial court issued a judgment awarding only individual damages on the basis of quantum merit to thirteen hairstylists (which included the four named class representative plaintiffs and nine class members) who appeared and testified at the trial.[3] Although the judgment is silent regarding the breach of contract claims, the parties do not dispute that these thirteen hairstylists did not prevail on their breach of contract claims.[4] The

---

if it is clear that all elements of plaintiffs' proposed claims can be tried to a single jury (by both plaintiffs and defendants) using evidence and arguments equally applicable to every class member." *Id*. at 850 (emphasis added) (citing *Bernal*, 22 S.W.3d at 435-36). If it is not determinable from the outset that the individual issues can be considered in a manageable, time-efficient, yet fair manner, then certification is not appropriate. *Bernal*, 22 S.W.3d at 436.

[3] The question of whether individual members of the class who are not joined as plaintiffs can have their claims separately adjudicated simply because they appear and testify is not before us.

[4] After Rainbow Group paid the thirteen hairstylists' individual quantum meruit damages, the thirteen hairstylists signed releases of the judgment liens.

judgment also recites that "the claims of the remaining class members" were severed and assigned a new cause number.[5]

Rainbow Group appealed the damages award, and the thirteen hairstylists cross-appealed the denial of their breach of contract claims and the amount of post-judgment interest. *See Rainbow Group, Ltd. v. Johnson*, No. 03-00-00559-CV, 2002 Tex. App. LEXIS 6359, at *1 (Tex. App.—Austin Aug. 30, 2002, pet. denied) (*Rainbow Group II*). In that opinion, this Court discussed the parties' dispute as to whether—in light of the second amended petition adding quantum merit as a claim for relief in the absence of an amendment to the class certification order—the quantum merit claim could be pursued on a classwide basis. *Id.* at *5-7. Under the circumstances presented, this Court "failed to see the significance" of the dispute because the trial court had not adjudicated any quantum meruit claims on behalf of the class. *Id.* at *6-7. Rather, the quantum meruit claims of the thirteen testifying hairstylists had been adjudicated on only an *individual* basis. *Id.* at *7. Accordingly, this Court did "not decide any issues relating to the *alleged* quantum meruit class." *Id.* (emphasis added).[6] Ultimately, this Court reformed the judgment to

---

[5] Rainbow Group asserts that it has "challenged that severance in the trial court," but such a challenge is not before us in the current appeal.

[6] We note that in the trial court's December 19, 2005 order (which is at issue in the current appeal), in determining whether common issues prevail as to each of the three quantum meruit elements, the court relies on *Rainbow Group II* for the proposition that this Court found the hairstylists' testimony sufficient to establish each element of quantum meruit and then states "the Defendants offer no reason why Plaintiffs could not prove [these elements] *in the same class-wide manner*." (Emphasis added). No one disputes, however, that no class claims were adjudicated in the bench trial that was the subject of *Rainbow Group II*. *See* 2002 Tex. App. LEXIS 6359, at *7. What this Court affirmed in *Rainbow Group II* was the sufficiency of the *individual* testimony of thirteen hairstylists to support the recovery of *individual* damages on quantum meruit—the testimony did not establish, and this Court did not affirm, any classwide relief. *Id.*

4

include post-judgment interest, reversed and remanded as to attorneys' fees, and otherwise affirmed the damages award. *Id*. at *1-2, *39.

One month after the issuance of *Rainbow Group II*, in the severed cause, the remaining members of the original class filed a "motion to certify quantum meruit claim as a class action."[7] The motion recognized that the 1993 certification was based on a suit "filed as a breach of contract action" and that the certification had never been amended to include a quantum meruit theory of recovery as alleged in the second amended petition.

Before the motion to certify was heard or ruled on, the hairstylists filed a third amended petition abandoning the breach of contract claims and asserting quantum meruit as the only basis for recovery.[8] Thus, at this point, the only claim for which a class had been certified was effectively nonsuited, and the only remaining claim in the lawsuit had yet to have a class certified or to undergo the "rigorous analysis" required for class certification. *See Bernal*, 22 S.W.3d at 435. The third amended petition claimed that "Plaintiffs sue on behalf of themselves and a class defined

---

[7] The attorneys for the class also sought to have new class representatives named because the claims of the original class representatives had been adjudicated on an individual basis in the bench trial.

[8] This amended pleading had the legal effect of nonsuiting the claims for breach of contract. *J.M. Huber Corp. v. Santa Fe Energy Res*., 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("amended petition also supersedes all prior petitions and *operates to dismiss* parties and *causes of action to the extent they are omitted from the amended pleading*") (emphasis added); *see also Webb v. Jorns*, 488 S.W.2d 407, 409 (Tex. 1972) (amended petition omitting defendant "operated as a voluntary dismissal as to that party").

as: All Supercuts hairstylists employed at any time between February 21, 1988 and July 16, 1993 at a 'Supercuts' store operated by Rainbow Group and Alan Sager."[9]

In response, Rainbow Group filed both an opposition to the motion to certify a quantum meruit class and an answer to the third amended petition, which included a plea to the jurisdiction. Rainbow Group argued that the trial court did not retain jurisdiction over the "severed" cause because it was an "empty case"—Rainbow Group asserted that the only claim certified for class treatment was breach of contract and, because this claim was no longer part of the lawsuit,[10] no justiciable cause survived on behalf of the class. Rainbow Group also argued that, under *Bernal*, a class action was not the appropriate device for adjudicating the quantum meruit claims and asserted various affirmative defenses.

After conducting a hearing, the trial court granted Rainbow Group's plea to the jurisdiction without ruling on the hairstylists' motion to certify. The hairstylists appealed, and this Court reversed, holding that the bench trial had adjudicated only the individual claims of the thirteen hairstylists (four named plaintiffs and nine class members) who had appeared and testified. Because no "class claims" had been adjudicated, the trial court retained jurisdiction over the severed cause. *Wagoner v. Rainbow Group*, No. 03-03-00478-CV, 2004 Tex. App. LEXIS 6821, at *13-16

---

[9] We note that no court had certified this class; the original, certified class was "All hairstylists employed by Defendants Rainbow Group Ltd. and Alan Sager at anytime between February 21, 1988 and the present."

[10] Rainbow Group argued that the contract claims had been adjudicated adversely to the class in the bench trial. However, the trial court expressly severed all classwide claims and adjudicated only individual claims in the bench trial. Nonetheless, the breach of contract claims on behalf of the class were effectively nonsuited by the filing of the third amended petition and were no longer part of the lawsuit.

(Tex. App.—Austin July 29, 2004, pet. denied) (*Rainbow Group III*).[11]  As a result, we remanded the severed cause for further proceedings on the remaining, non-testifying hairstylists' claims.  *Id*.

On remand, Rainbow Group filed a "supplemental opposition" to the motion to certify asking the trial court to rule on that motion, which had yet to be decided given the court's previous grant of the plea to the jurisdiction.  The trial court declined to rule on that motion, and the case was reassigned to the central docket.  The hairstylists then filed a motion to amend the original class certification order (1) to permit the remaining members of the original class to pursue their quantum meruit claims as a Rule 42(b)(4) class action, and (2) to designate Wagoner, Morgan, Berry, and Villegas as the new class representatives.

Rainbow Group again requested a ruling on the original motion to certify, arguing that it was unfair to allow the plaintiffs to file and have heard a duplicative motion when the first one was still pending.  The hairstylists responded that it would be unfair to force the decision to be made on

---

[11] Given the current procedural posture of this litigation, it is necessary to further explain our statements in *Rainbow Group III* that the "class quantum meruit claims of the non-testifying hairstylists were not adjudicated . . . but rather were severed" and that, "[b]ecause . . . no final judgment has been entered on the hairstylists' class claims, the class certification order may still be amended."  *Id*. at *15-16.  This language should not be read as expressing the view that a quantum meruit class had been certified.  Our holding should be understood as recognizing that, following the bench trial, the request in plaintiffs' pleadings for class certification of the quantum meruit claims survived for the trial court to consider in the severed cause.  At the time of the court's judgment, the breach of contract claims for which a class had been certified had not been abandoned.  Thus, there existed a certified class, which could have possibly been amended to include additional claims should class treatment be warranted.  Because the trial court had ruled only on the plea to the jurisdiction and not the motion to certify, in *Rainbow Group III* we noted that the issue of whether a class action was the appropriate method to adjudicate quantum meruit claims was not before this Court.  *Id*. at *9 n.3.  Also, Rainbow Group's arguments were considered only in light of their claim that the trial court had denied class relief on the breach of contract claim without considering the effect of the abandonment of that claim in the third amended petition.

7

a record that was two years old. The court denied Rainbow Group's request, and the case remained on the central docket with the hairstylists' motion to amend the class certification pending.

Rainbow Group then filed a motion to decertify the class arguing, in part, that because the class had only been certified to pursue breach of contract claims, "the class was effectively decertified when Plaintiffs filed their Third Amended Petition non-suiting their claim for breach of contract." Rainbow Group asked that an order be entered reflecting this decertification and argued that any pleadings asserting a quantum meruit claim on behalf of the remaining hairstylists should be struck because this claim was barred by limitations.

On November 8, 2005, the trial court conducted a hearing on Rainbow Group's motion to decertify and the hairstylists' motion to amend the certification. On November 23, the trial court issued both an order denying Rainbow Group's motion to decertify the class and a letter informing the parties that the court would grant the hairstylists' motion to amend the class certification and directing their counsel to prepare a draft order. On December 19, the trial court issued its order granting the motion to amend the class certification. Rainbow Group has sought review of both orders. In response, the hairstylists have filed a motion to dismiss urging that this Court lacks jurisdiction over the appeal.

**ANALYSIS**

Orders certifying or refusing to certify a class are subject to interlocutory appeal. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (West Supp. 2006). Appeals from interlocutory orders are accelerated. Tex. R. App. P. 28.1. A notice of appeal must state the date of the order from which appeal is sought. *Id*. 25.1(d)(2). Rule 26.1 requires that, "in an accelerated appeal, the notice

8

of appeal must be filed within twenty days after the judgment or order is signed." *Id*. 26.1.[12] This deadline may be extended by fifteen days if the appellant files a motion reasonably explaining the need for an extension. *Id.* 26.3; *see also id.* 10.5(b)(2).

The order denying Rainbow Group's motion to decertify the class was signed on November 23, 2005, and the order granting the hairstylists' motion to amend the prior class certification was signed on December 19, 2005. Rainbow Group filed a notice of appeal on December 27, 2005, stating that it was appealing "from the Order signed on November 23, 2005, denying Defendant's Motion to Decertify Class." Rainbow Group then filed an amended notice of appeal on January 25, 2006, stating that its December 27 notice "incorrectly referenced only the November 23, 2005 Order. Defendants hereby amend that notice to appeal the Order signed on December 19, 2005." On the same day, January 25, Rainbow Group also filed a second notice of appeal, stating that it was "appealing the Order signed on December 19, certifying this case as a class action." We consider whether our appellate jurisdiction was invoked, first in relation to the November 23 order, and second in relation to the December 19 order.

**November 23 order**

We lack jurisdiction over an interlocutory appeal of the November 23 order because an order denying a motion to decertify a class is not within the scope of the statute authorizing interlocutory appeals. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (allowing interlocutory appeal of order that certifies or refuses to certify a class action); *Bally Total Fitness Corp. v. Jackson*,

---

[12] All references to "Rules" in this opinion refer to Texas Rules of Appellate Procedure.

53 S.W.3d 352, 358 (Tex. 2001) (order refusing to decertify class is not encompassed by section 51.014(a)(3)). Thus, the November 23 order denying Rainbow Group's motion to decertify the class is not appealable on an interlocutory basis.

**December 19 order**

Rainbow Group contends that its amended notice of appeal and its second notice of appeal, both filed January 25, 2006, perfected an appeal of the December 19 order. We disagree. Although both of these notices express Rainbow Group's intent to appeal the December 19 order, neither of these notices was timely filed. The deadline for appealing the December 19 order was January 9—the first business day following twenty days from the date the order was signed. *See* Tex. R. App. P. 4.1, 26.1. This deadline may be extended if a motion for extension together with a notice of appeal is filed within fifteen days of the deadline. *Id*. 10.5, 26.3. Rainbow Group did not file a motion for extension. Even had Rainbow Group been granted a 15-day extension, the latest date on which a notice of appeal for the December 19 order could have been timely filed was January 24, 2006. Rainbow Group did not file its amended and second notices of appeal until January 25, 2006. Thus, Rainbow Group did not file a notice of appeal of the December 19 order within the deadline to invoke our appellate jurisdiction of that order. *See id.* 26.1, 26.3.

Rainbow Group argues that its January 25 amended notice relates back to its December 27 notice, thereby timely perfecting appeal of the December 19 order. However, Rule 25.1(f) does not permit an amendment to add an entirely different order from which the appeal is taken. *See id*. 25.1(f).

10

Rule 25.1(f) permits an amended notice of appeal to "correct[] a *defect or omission* in an earlier filed notice." *Id*. (emphasis added). This allows for amendments to correct mistakes or accidents, such as inadvertently omitting one of the statements required by Rule 25.1(d), *see Lefton v. Griffith*, 136 S.W.3d 271, 274 n.1 (Tex. App.—San Antonio 2004, no pet.), or correcting a typographical error, *see City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992) (comparing notices of appeal in two different cases, court contrasted one notice's typographical error in cause number of isolated case, which was amendable defect, with another notice's citation of wrong cause number in case that had multiple cause numbers involving same parties, which was not amendable because mistake created confusion as to which judgment party sought to appeal).

Rule 25.1(f) does not, however, allow an appellant to alter its notice of appeal from appealing one interlocutory order to appealing an entirely separate interlocutory order. *See* Tex. R. App. P. 25.1(f); *see also id.* 2 (appellate court has power to suspend operation of rule of appellate procedure, but not in manner that would "alter the time for perfecting an appeal in a civil case"). We are guided by the analysis of a similar case from our sister court. *See Thomas v. Thomas*, No. 14-02-01286-CV, 2003 Tex. App. LEXIS 2180 (Tex. App.—Houston [14th Dist.] Mar. 13, 2003, no pet.). In *Thomas*, the appellant filed a notice of appeal in November 2002, specifically stating that she was appealing a July 18, 2002 order. She later asked the court to let her "appeal[] an order signed October 30, 2002, rather than the July 18, 2002, order specified in her notice of appeal." *Id*. at *2. The court held that this was an ineffective notice and did not allow amendment under Rule 25.1(f) because

11

the notice of appeal filed in this case contains neither a defect nor an omission. Appellant specified the order she intended to appeal, however. . . . Appellant now asks that we ignore the specific language in her notice of appeal indicating she is appealing the July 18th order, and instead, asks that we allow her to appeal a completely different order, signed on October 30, 2002, not mentioned in the notice of appeal. If the two orders were not separately appealable, appellant could amend a notice of appeal. . . . [T]here is no defect or omission in the notice of appeal to be amended. No notice of appeal was filed by appellant specifying the intent to appeal the October 30th order.

*Id*. at *3-4. Similarly, Rainbow Group's December 27 notice of appeal expressly specified an intent to appeal the November 23 order, giving not just the date of the order but also listing the title of the motion that was denied by the order. Further, the December 27 notice contained nothing relevant to the December 19 order or the relief granted by that order, which ruled on a separate motion and was separately appealable from the November 23 order. Just as the court concluded in *Thomas*, we cannot ignore the specific language in Rainbow Group's initial notice of appeal indicating that it was appealing the November 23 order and instead allow it, by amendment, to appeal a completely separate order entered on December 19. *See id.*

Accordingly, Rainbow Group cannot now transform its December 27 notice of appeal (of the November 23 order) into a timely notice of appeal of the December 19 order because this is not the type of amendment that Rule 25.1(f) was designed to accomplish. *See* Tex. R. App. P. 25.1(f); *see also Crofton v. Amoco Chem. Co.*, No. 01-01-00526-CV, 2003 Tex. App. LEXIS 4825, at *9-10 (Tex. App.—Houston [1st Dist.] May 30, 2003, pet. denied) (appellant not permitted to amend notice of appeal after deadline passed to add another party to appeal because omission was not mere "clerical defect" contemplated by Rule 25.1(f)); *Garcia v. Rodriguez*, No. 08-02-00379-CV, 2003 Tex. App. LEXIS 4225, *4, *6 (Tex. App.—El Paso May 15, 2003,

12

no pet.) (amendment permitted where appellants erroneously cited date of trial rather than date judgment signed; noting that this defect was not type that would cause confusion on appeal as to which order was being challenged on appeal).

Rainbow Group also argues that its appellate deadline was extended by filing a request for findings of fact and conclusions of law on January 9. However, the supreme court has unequivocally held that postjudgment motions do not extend the appellate deadline for filing an accelerated appeal. *In re K.A.F.*, 160 S.W.3d 923, 924 (Tex. 2005). Specifically, the court held

> that in an accelerated appeal, absent a rule 26.3 [15-day extension] motion, the *deadline for filing a notice of appeal is strictly set at twenty days after the judgment is signed, with no exceptions*, and filing a rule 26.1(a) motion for new trial, motion to modify the judgment, motion to reinstate, or *request for findings of fact and conclusions of law will not extend that deadline*. Allowing such post-order motions to automatically delay the appellate deadline is simply inconsistent with the idea of accelerating the appeal in the first place.

*Id*. at 927 (emphasis added). Because the supreme court expressly included all postjudgment motions in its holding, we are not persuaded by Rainbow Group's attempt to distinguish *In re K.A.F.* on the basis that it involved a motion to modify and motion for new trial rather than a request for findings and conclusions. *See id*.

Finally, Rainbow Group argues that we should apply the rules liberally to compensate for the unfair confusion created by the trial court's procedures—namely, that on November 23, in addition to signing the order denying the motion to decertify, the trial court also sent a letter directing the plaintiffs' counsel to draft an order granting the motion to amend (which was subsequently signed on December 19). Rainbow Group claims that its appeal should not be dismissed because

13

it made a bona fide attempt to timely appeal the December 19 order, but was confused as a result of the trial court's letter. *See generally Grand Prairie Indep. Sch. Dist. v. Southern Parts Imps., Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (amendment permissible to correct defect if appellant timely filed document in bona fide attempt to invoke appellate jurisdiction). Whatever impressions Rainbow Group drew from the trial court's letter, however, Rainbow Group had both of the trial court's orders in hand at the time it filed its initial notice of appeal on December 27, and that notice of appeal referenced only the November 23 order. Considering these circumstances and the prohibition in Rule 2 against suspending appellate rules to permit an alteration of the time for perfecting civil appeals, we are unable to accord Rainbow Group's requested leeway. *See* Tex. R. App. P. 2.[13]

---

[13] In addition to arguing that the December 19 order was not timely appealed, the hairstylists contend that, like the November 23 order, the December 19 order purporting to amend the class certification is not within the scope of the interlocutory appeals statute because it neither certifies nor refuses to certify a class. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3) (West Supp. 2006). Although we do not reach this alternative argument because the timeliness issue is dispositive of our jurisdiction over the December 19 order, we note that when this "amendment" was made to the class certification, there was no certified class to amend. The previously certified class for the breach of contract claims had ceased to exist when the breach of contract claims were nonsuited. *See Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1281, 1284-85 (5th Cir. 1981) (affirming district court's refusal to permit amended pleading where "the cause of action and original named plaintiff had been dismissed and [] no named plaintiff or certified class member remained with any further stake in the outcome of the litigation" because "[a] pleading which abandons the original plaintiff and class and asserts new claims upon which the original plaintiff and class could not recover has the characteristics of a new lawsuit rather than an amended complaint"). We express no opinion as to whether the December 19 order can be characterized as "certifying or refusing to certify" a class for the purposes of section 51.014 when it purports to amend a nonexistent class and relies on features of the nonexistent class to support the analysis required by *Bernal* and its progeny.

14

## CONCLUSION

Because the November 23 order denying Rainbow Group's motion to decertify the class is not subject to an interlocutory appeal and because Rainbow Group failed to timely appeal the December 19 order, we grant the hairstylists' motion and dismiss this appeal for want of jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(3); Tex. R. App. P. 26.1(b), 26.3, 42.3(a).

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Dismissed for Want of Jurisdiction

Filed:   March 1, 2007

15