

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

CHARLES N. TAYLOR, JR. §

§    No. 08-14-00066-CV

    APPELLANT, §

§    Appeal from the

V. §

§    County Court at Law No. 3

DEE MARGO, IN HIS INDIVIDUAL §
AND OFFICIAL CAPACITIES AND    of El Paso County, Texas
MICHAEL WILLIAMS, IN HIS §
INDIVIDUAL AND OFFICIAL    (TC# 2013-DCV-2873)
CAPACITIES, §

    APPELLEES. §

## OPINION ON MOTION

Appellees, Dee Margo and Michael Williams, have filed a motion to reconsider our order denying their motion to dismiss the appeal for want of jurisdiction. The motion to reconsider is denied, but the Appellant, Charles N. Taylor, Jr., is ordered to file an amended notice of appeal.

### PROCEDURAL BACKGROUND

Charles N. Taylor, Jr., Appellant, filed suit against Margo and Williams seeking injunctive relief pursuant to Section 273.081 of the Texas Election Code.[1] Both Margo and Williams asserted pleas to the jurisdiction, and Margo also filed a counterclaim seeking attorney's fees pursuant to Section 22.0517 of the Texas Education Code.[2] On December 18,

---

[1] TEX.ELEC.CODE ANN. § 273.081 (West 2010).

[2] *See* TEX.EDUC.CODE ANN. § 22.0517 (West 2012)("In an action against a professional employee of a school district involving an act that is incidental to or within the scope of duties of the employee's position of employment

2013, the trial court entered an order granting the pleas to the jurisdiction and dismissing Taylor's suit with prejudice (hereinafter referred to as the December 18 order). On January 10, 2014, Margo filed a motion to modify the judgment because he had a pending counterclaim for attorney's fees which had not been resolved and he requested that the judgment be modified to dismiss Taylor's claims with prejudice rather than the entire case. The trial court, on January 16, 2014, entered a modified order (hereinafter referred to as the January 16 order) which states in relevant part as follows:

> Having been fully advised, the Court is of the opinion that it lacks subject matter jurisdiction over Plaintiff's claims in this case. Plaintiff's claims in this case are hereby DISMISSED WITH PREJUDICE as to both Defendants in their individual and official capacities; provided, however, that nothing herein shall be construed as constituting a ruling on Defendant Dee Margo's Counterclaims contained in the First Amended Original Answer of Defendant Donald 'Dee' Margo, dated December 11, 2013. Said Counterclaims shall be heard by the Court at a date and time to be scheduled in the future. This Order supersedes the Order previously entered herein, signed and filed on December 18, 2013.

Taylor filed a notice of appeal on February 14, 2014 stating that he intended to appeal the December 18, 2013 judgment.

Margo and Williams filed a joint motion to dismiss the appeal on the ground that Taylor's notice of appeal was untimely. The motion also asserted that it was unclear which of the two orders Taylor intended to appeal. It is undisputed that neither the December 18 order nor the January 16 order disposed of all pending claims; consequently, neither order is a final judgment for purposes of appeal. *See Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001). The interlocutory appeal of an order granting a plea to the jurisdiction is an accelerated appeal, and accordingly, the notice of appeal must be filed no later than 20 days after the date the order is signed. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp.

---

and brought against the employee in the employee's individual capacity, the employee is entitled to recover attorney's fees and court costs from the plaintiff if the employee is found immune from liability under this subchapter.").

2013); TEX.R.APP.P. 26.1(b), 28.1(a). Taylor did not file a notice of appeal within twenty days after the trial court signed the December 18 order, but the trial court, at the request of Margo and Williams, entered the January 16 order which modified and superseded the December 18 order. Under these circumstances, there is only one order which can be appealed, namely, the January 16 order.

Appellant's notice of appeal from the January 16 order was due to be filed no later than February 5, 2014. *See* TEX.R.APP.P. 26.1(b). Appellant did not file his notice of appeal until February 14, 2014, nine days after the due date. The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court, and (2) a motion for extension of time complying with Rule of Appellate Procedure 10.5(b) in the appellate court. *See* TEX.R.APP.P. 10.5(b)(1)(C), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Under Rule 10.5, the extension motion must include the facts relied on to reasonably explain the need for the extension. TEX.R.APP.P. 10.5(b)(1)(C). Since Taylor had filed his notice of appeal within 15 days after the due date, we determined he had timely filed his notice of appeal but required him to file a reasonable explanation for his failure to timely file the notice of appeal. Taylor complied with that directive and we denied the motion to dismiss.

### FAILURE TO COMPLY WITH RULE 25.1(d)

In their motion to reconsider, Margo and Williams argue that Taylor's notice of appeal did not perfect an appeal from the January 16 order because his notice of appeal only states an intent to appeal the December 18 order and his notice of appeal is too late to perfect an appeal from the December 18 order. Rule 25.1(d) sets forth the requirements for the notice of appeal. TEX.R.APP.P. 25.1(d). Among other things, it states that the notice of appeal must state the date

of the judgment or order appealed from. TEX.R.APP.P. 25.1(d)(2). Rule 25.1(g) permits the appellant to file in the appellate court an "amended notice of appeal correcting a defect or omission in an earlier filed notice...at any time before the appellant's brief is filed." TEX.R.APP.P. 25.1(g). After the appellant's brief is filed, the notice may be amended only on leave of the appellate court and on such terms as the court may prescribe. *Id.*

Rule 25.1(g) contemplates that a notice of appeal might be defective due to mistakes or errors and information might be omitted from a notice of appeal and it specifically authorizes a party to file an amended notice of appeal to correct a defect or omission. *See Sweed v. Nye*, 323 S.W.3d 873, 874-75 (Tex. 2010)(per curiam). This includes an amendment to provide omitted. *See Sweed*, 323 S.W.3d at 874-75; *Lefton v. Griffith*, 136 S.W.3d 271, 274 n.1 (Tex.App.--San Antonio 2004, no pet.). It also allows the appellant to correct a typographical error. *See City of San Antonio v. Rodriguez*, 828 S.W.2d 417, 418 (Tex. 1992)(notation of incorrect cause number on notice of appeal did not deprive the court of appeals of jurisdiction because the appellant's attempt to perfect appeal was "bona fide," the cause number incorrectly transcribed on notice of appeal had no association with or similarity to style of case, and there was no suggestion of confusion regarding judgment from which appellant sought appeal). Appellate courts have held, however, that it does not allow an appellant to change which of two separately appealable interlocutory orders the appellant intends to appeal. *See Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, 492-93 (Tex.App.--Austin 2007, no pet.); *Thomas v. Thomas*, No. 14-02-01286-CV, 2003 WL 1088220, *1-2 (Tex.App.--Houston [14th Dist.] March 13, 2003, no pet.)(mem. op.).

In *Thomas*, the appellant filed a notice of appeal stating she intended to appeal a July 18, 2002 interlocutory order, but she later sought to appeal a different interlocutory order signed on October 30, 2002. *Thomas*, 2003 WL 1088220, at *1-2. The Fourteenth Court of Appeals

determined that the notice of appeal did not contain a defect or omission and the appellant chose which of these two separately appealable orders she wished to appeal. *Id.* at \*1-2. The court of appeals noted that if the two orders were not separately appealable, the appellant could amend her notice of appeal. *Id.*

In *Rainbow Group*, the appellant's notice of appeal specified its intent to appeal an interlocutory order entered on November 23, 2005 denying a motion to decertify the class. *Rainbow Group*, 219 S.W.3d at 491. That notice of appeal was filed on December 27, 2005. *Id.* On January 25, 2006, the appellant filed an amended notice of appeal stating the prior notice of appeal referenced only the November 23, 2005 order and it had intended to also appeal a different order entered on December 19, 2005 which certified the case as a class action. *Id.* The appellant also filed a second notice of appeal stating its intent to appeal the December 19, 2005 order. *Id.* The Austin Court of Appeals found that it lacked jurisdiction of an interlocutory appeal of the November 23 order because an order denying a motion to decertify a class is not subject to an interlocutory appeal. *Id.* The court of appeals found that the appellant did not perfect an appeal from the December 19, 2005 order because the amended notice of appeal and the second notice of appeal were filed untimely. *Id.* at 491-92. Further, the court of appeals held that an amended notice of appeal cannot be used to add an entirely different interlocutory order from which the appeal is taken because this is not the type of amendment that Rule 25.1(f) was intended to permit. *Id.* at 492-93, *citing Thomas*, 2003 WL 1088220, at \*1-2.

The instant appeal is distinguishable from both *Thomas* and *Rainbow Group* because the case does not involve two separately appealable interlocutory orders. The January 16, 2014 order is a modified version of the December 18, 2013 order and it expressly superseded the earlier order. Consequently, there is only one order, namely, the January 16, 2014 order. We

conclude that Taylor's notice of appeal erroneously and mistakenly identified the date of the judgment he intended to appeal as the December 18, 2013 order. This is the type of defect which Rule 25.1(g) permits the appellant to correct by filing an amended notice of appeal. We therefore deny the motion to reconsider. However, Taylor is ORDERED to file with the Eighth Court of Appeals an amended notice of appeal correcting the date of the order he intends to appeal. The amended notice of appeal is due to be filed no later than ten days from the issuance of this opinion. If Taylor fails to file the amended notice of appeal by the due date as ordered, the Court will dismiss the appeal without further notice. *See* TEX.R.APP.P. 42.3(c)(permitting the appellant court to dismiss a civil appeal because the appellant has failed to comply with a requirement of the Rules of Appellate Procedure, a court order, or a notice from the clerk requiring a response or other action within a specified time).

June 25, 2014

PER CURIAM

Before McClure, C.J., Rivera, and Rodriguez, JJ.