

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-18-00104-CV

SALINA S. WYRICK                                                        APPELLANT

V.

HAL JAYSON, M.D.; RADIOLOGY                                              APPELLEES
ASSOCIATES OF NORTH TEXAS,
P.A.; JOEY MAYOR, M.D.; AND
EMCARE DFW EMERGENCY
PHYSICIANS PLLC

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 153-292369-17

----------

## MEMORANDUM OPINION[1]

----------

Appellant Salina S. Wyrick, a healthcare-liability claimant, attempts to appeal from the trial court's interlocutory order regarding her statutorily required expert reports. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.001(a)(2),

---

[1]*See* Tex. R. App. P. 47.4.

74.351(a) (West 2017). Appellees Hal Jayson, M.D. and Radiology Associates of North Texas, P.A. have filed two motions to dismiss Wyrick's appeal for want of jurisdiction in response to Wyrick's motion to consolidate this appeal with a related appeal and to her motion to extend the appellate-record filing deadline. We conclude that we do not have jurisdiction over the subject matter of this appeal, although for different reasons than those relied on by Jayson and Radiology Associates in their motions. We dismiss this appeal for want of jurisdiction; accordingly, we decline to address the pending motions. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.) ("When an appellate court concludes it does not have jurisdiction, it can only dismiss the appeal.").

## I. BACKGROUND

### A. WYRICK'S HEALTHCARE-LIABILITY SUIT

Based on the unusual procedural posture under which the jurisdictional issue arises, we necessarily must engage in a detailed recounting of what occurred in the trial court. Wyrick filed a healthcare-liability claim against several of her heathcare providers: Jayson; Radiology Associates; appellee Joey Mayor, M.D.; appellee EmCare DFW Emergency Physicians PLLC; Erin Jepson, NP; David L. Gould; Metroplex Urology & Transplant Surgery; and Baylor Scott & White All Saints Medical Center–Fort Worth.[2] Wyrick served expert reports on

---

[2]Wyrick also named Integrative Emergency Services Physician Group, P.A. as a defendant but it was not a party to the order at issue.

each of these defendants as statutorily required. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). These defendants then filed several motions:

• Jayson and Radiology Associates filed objections to the expert reports served on them and a motion to dismiss Wyrick's claims;

• Mayor and EmCare DFW filed objections to the expert reports served on them;

• Jepson filed objections to the expert report served on her and a motion to dismiss;

• Gould and Metroplex Urology filed objections to the expert report served on them and a motion to dismiss; and

• Baylor Scott & White filed objections to the expert reports served on it, a motion to dismiss, and a motion for statutory sanctions.

The trial court held a nonevidentiary hearing on these motions on February 1, 2018, but did not rule at that time.

## B. THE TRIAL COURT'S LETTER RULING AND NOTICE OF APPEAL

On March 9, the trial court sent a letter to counsel purporting to make several "rulings":

> Dear Counsel,
>
> Thank you for the opportunity to consider the Chapter 74 reports filed by Plaintiff in this matter, and to hear the Defendants' objections thereto.
>
> After careful consideration, I make the following rulings:
>
> 1) Dr. Gould's Motion to Dismiss is DENIED.
> 2) Dr. Jayson's Motion to Dismiss is GRANTED.
> 3) Dr. Mayor's Motion to Dismiss is GRANTED.
> 4) Nurse Practitioner Jepson's Motion to Dismiss is DENIED.
> 5) Baylor Scott & White All-Saints Medical Center's Motion to Dismiss is DENIED.

Plaintiff requested an extension of time pursuant to CPRC 74.351(c) to correct any deficiencies in their expert reports. I hereby GRANT Plaintiff's request for a 30-day extension under that section, as it relates to her lawsuit against Drs. Jayson and Mayor.

Thank you for your hard work.

Jayson and Radiology Associates sent the trial court a letter seeking "clarification" for purposes of submitting a proposed order because although the trial court granted Jayson's motion to dismiss and granted Wyrick an extension, Jayson and Radiology Associates' objections were not ruled on.

Wyrick, also in an effort to provide the trial court with an accurate proposed order, notified the trial court that the letter ruling resulted in "uncertainty," namely that the trial court granted a motion to dismiss in favor of Mayor even though Mayor did not file a motion to dismiss and that the trial court did not rule on the myriad objections. On March 29, Wyrick filed a notice of appeal from the trial court's "interlocutory letter ruling."

## C. THE TRIAL COURT'S ORDER AND AMENDED NOTICE OF APPEAL

On April 11, the trial court signed an order,[3] recognizing that on February 2, 2018, it heard only the objections and motions referenced in the bulleted list above—a motion to dismiss filed by Mayor was not referenced. After listing the motions it considered, the trial court stated that it "is of the opinion and rules that such objections should be sustained or overruled and such motions

---

[3]It appears that Wyrick's counsel prepared the order that the trial court signed because no other counsel signed the order as approving its form.

4

should be granted or denied as set forth below." The trial court then overruled the objections filed by Gould, Metroplex Urology, Jepson, and Baylor Scott & White, denied their motions to dismiss, and denied Baylor Scott & White's motion for sanctions. The trial court then drew a large "X" through the paragraphs of the order ruling on Jayson's, Radiology Associates', Mayor's, and Emcare DFW's objections to Wyrick's expert reports. The final paragraph of the trial court's order addressed Wyrick's extension request:

> **IT IS FURTHER ORDERED** that, as to the sustained objections of [Jayson], Radiology Associates . . ., [Mayor], and [Emcare DFW], Plaintiff's motion for a thirty-day extension to cure these deficiencies under section 74.351(c) of the Texas Civil Practices and Remedies Code is **GRANTED**, and Plaintiff is ordered to serve one or more expert reports on or before thirty days after the date of this order.

Although included in the motions considered by the trial court, Jayson and Radiology Associates' motion to dismiss was not ruled on in the order.

On April 20, Wyrick amended her notice of appeal to state she was appealing "from the interlocutory order signed by the Court on April 11, 2018 and, if necessary, from the interlocutory letter ruling signed by the Court on March 9, 2018. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(10)."[4] *See* Tex. R. App. P. 25.1(g). Both notices were timely filed. *See* Tex. R. App. P. 26.1(b); *cf. Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 491–93 (Tex. App.—Austin 2007, no

---

[4]In the related appeal, Jepson appeals from the April 11 "order overruling [her] Objections to Plaintiff's Chapter 74 Expert Report." *Jepson v. Wyrick*, No. 02-18-00148-CV.

pet.) (holding amended notice of appeal filed January 25 did not relate back to December 27 notice for timeliness purposes because January 25 amended notice referenced order entered after December 27 notice).  In any event, we have the authority to review the trial court's April 11 order also based on Wyrick's timely notice of appeal from the March 9 letter ruling.  *See* Tex. R. App. P. 29.6(a).

## II.  THIS COURT'S JURISDICTION

We notified the parties that we questioned our jurisdiction over this appeal because it arose from an order merely granting a thirty-day extension under section 74.351(c), which is categorized by statute as an non-appealable, interlocutory order.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9) (West Supp. 2017); *see also* Tex. R. App. P. 42.3, 44.3.  Wyrick responded, arguing that the procedural posture of her appeal and her specific appellate complaints reveal that we have jurisdiction under section 51.014(a)(9) and (10).  Although we later informed the parties that we would "continue this appeal," we again scrutinize our jurisdiction.  *See generally Hous. Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007) ("Courts always have jurisdiction to determine their own jurisdiction.").

We have jurisdiction only over final orders that dispose of all parties and issues in a case unless there is statutory authority to review an otherwise unappealable order.  *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig.

proceeding). No party disputes that the trial court's April 11 order was interlocutory. Indeed, it was. However, we have been given limited jurisdiction to review certain orders arising in the context of healthcare-liability claims.

First, we may review an interlocutory order that "denies all or part of the relief sought by a motion under Section 74.351(b)." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9). Section 74.351(b) requires a trial court to dismiss a claimant's healthcare-liability claim and award reasonable attorney's fees and costs if a claimant fails to serve an expert report within 120 days after the defendant files an answer. *Id.* § 74.351(b). But the limited grant of jurisdiction under section 51.014(a)(9) does not apply to an order granting an "extension to the claimant in order to cure the deficiency" noted in the section 74.351(b) motion. *Id.* §§ 51.014(a)(9), 74.351(c).

Second, we have the jurisdiction to review an interlocutory order that "grants relief sought by a motion under Section 74.351(*l*)." *Id.* § 51.014(a)(10). Section 74.351(*l*) requires a trial court to grant "a motion challenging the adequacy of an expert report" if "the report does not represent an objective good faith effort to comply with the definition of an expert report." *Id.* § 74.351(*l*).

Wyrick, Jayson, and Radiology Associates seem to assume that the trial court's letter ruling should be read in tandem with its later order to determine what rulings the trial court made and, therefore, whether we have jurisdiction over this interlocutory appeal. Whether a letter ruling constitutes an order from which an appeal can be taken generally depends on whether the trial judge

7

intended the letter to be such. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398–99 (Tex. 1982); *In re Johnson*, No. 10-17-00320-CV, 2018 WL 1415724, at \*2–4 (Tex. App.—Waco Mar. 21, 2018, orig. proceeding); *Barron v. Vanier*, 190 S.W.3d 841, 845–46 (Tex. App.—Fort Worth 2006, no pet.) (op. on reh'g). Here, it is clear that the trial court did not intend its March 9 letter rulings to be the equivalent to an order based on the fact that a subsequent order was, in fact, signed. *See, e.g.*, *Barron*, 190 S.W.3d at 846 (holding letter not equivalent to order and noting "a formal order was later entered and filed"). And Wyrick, Jayson, and Radiology Associates apparently did not consider the letter to be an order because they referenced their difficulty in preparing proposed orders in their subsequent letters to the court. Therefore, we consider only the April 11 order to determine our jurisdiction over Wyrick's appeal under section 51.014.

No portion of the April 11 order grants or denies Jayson and Radiology Associates' motion to dismiss. *See Ctr. for Neurological Disorders, P.A. v. George*, 253 S.W.3d 217, 217 (Tex. 2008) (holding motion seeking dismissal and fees was a motion under section 74.351(b)). The trial court stated that it considered the motion to dismiss but did not rule on it. And Mayor and EmCare DFW did not seek dismissal of Wyrick's healthcare-liability claims in the trial court. Therefore, the limited jurisdiction to review an order granting or denying all or part of the relief sought by a motion to dismiss for failure to timely serve an expert report under section 74.351(b) does not apply to the trial court's order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(9).

8

Similarly, the trial court stated that it considered the expert-report objections filed by Jayson, Radiology Associates, Mayor, and EmCare DFW; that "such objections should be sustained or overruled . . . as set forth below"; and then specifically crossed out the portion of the order containing specific rulings on each objection. Immediately following the crossed out portion of the order, the trial court granted Wyrick a thirty-day extension "as to the sustained objections" of Jayson, Radiology Associates, Mayor, and EmCare DFW. Given that the trial court did not sustain any objections, it seems unclear what the extension was granted to correct. The objections were not ruled on in the order; therefore, our limited jurisdiction to review an order that grants the relief sought by a healthcare provider's motion challenging the adequacy of an expert report under section 74.351(*l*) does not apply to the trial court's order. *See id.* § 51.014(a)(10).

The only motion that the trial court disposed of as between Wyrick, Jayson, Radiology Associates, Mayor, and EmCare DFW was Wyrick's request for a thirty-day extension, which was conditioned on whether the trial court found that her expert reports were "deficient under the adequacy of expert reporting requirements" of section 74.351. The trial court did not find the reports to be deficient in any respect in its order. Even so, we have no jurisdiction to review an order granting a thirty-day extension under section 74.351(c). *See id.* § 51.014(a)(9).

9

### III.  CONCLUSION

We must strictly construe our jurisdiction when, as here, an interlocutory order is at issue.  *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). The trial court's order does not fall within any of the statutory grants of jurisdiction over interlocutory, healthcare-liability orders.  Accordingly, we dismiss Wyrick's attempted appeal.  *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  GABRIEL, KERR, and PITTMAN, JJ.

DELIVERED:  July 12, 2018

10