

# Fourth Court of Appeals
## San Antonio, Texas

September 2, 2021

No. 04-21-00150-CV

**IN THE ESTATE OF MARIA LUISA AGUILAR,**

From the County Court At Law No 1, Webb County, Texas
Trial Court No. 2020PB5000085-L1
Honorable Hugo Martinez, Judge Presiding

# O R D E R

Sitting:  Rebeca C. Martinez, Chief Justice
    Liza A. Rodriguez, Justice
    Lori I. Valenzuela, Justice

This appeal arises from a probate proceeding. On April 16, 2021, Appellant Roberto Aguilar, Jr., filed a notice of appeal. His notice of appeal did not "state the date of the judgment or order appealed from" and was thus defective. *See* TEX. R. APP. P. 25.1(d)(2). On May 18, 2021, Appellee Karla Belen Garcia moved to dismiss this appeal for lack of jurisdiction. On June 18, 2021, we ordered Aguilar to show cause why his appeal should not be dismissed.

On July 1, 2021, Aguilar filed "Appellant's First Amended Notice of Appeal and Response to the Motion to Dismiss." He amended his notice of appeal to state that he was appealing the following orders by the probate court:

1. The probate court's September 16, 2020 order appointing Garcia Dependent Administratrix of the Estate of Maria Luisa Aguilar;[1]
2. The probate court's February 9, 2021 order that granted Garcia's motion to enforce the Rule 11 Settlement Agreement with Aguilar;
3. The probate court's order that "allowed Appellee [Garcia] to sell the real property of Maria Luisa Aguilar," which we assume is referring to the probate court's February 19, 2021 Order of Sale of Real Property;
4. The probate court's "refusal to have Appellant's claim to his homestead pursuant to the Texas Constitution";[2]
5. The probate court's "order that evicted Appellant from his homestead";[3]

---

[1] A signed copy of this order does not appear in the clerk's record.
[2] No order relating to this issue appears in the clerk's record.
[3] No order evicting Appellant Aguilar appears in the clerk's record.

6. The probate court's "order denying Appellant's objection to the inventory and appraisement of the Estate of Maria Luisa Aguilar."[4]

Pursuant to Texas Rule of Appellate Procedure 25.1(g), an "amended notice of appeal correcting *a defect or omission* in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed." TEX. R. APP. P. 25.1(g). We note that at the time Aguilar filed his amended notice of appeal, his appellant's brief was not due and had not been filed. We conclude that Rule 25.1(g) applies as his amended notice was correcting "a defect or omission" in his original notice of appeal.

As Aguilar points out in his responses to Appellant Garcia's motion to dismiss for lack of jurisdiction, probate cases are an exception to the "one final judgment" rule. *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). In such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *Id.* (quotations omitted). "The need to review controlling, intermediate decisions before an error can harm later phases of the proceeding has been held to justify this rule." *Id.* (quotations omitted). However, not every interlocutory order in a probate case is appealable. *Id.* The Texas Supreme Court has noted that "determining whether an otherwise interlocutory probate order is final enough to qualify for appeal has proved difficult." *Id.* In the past, courts relied on a "substantial right" test to determine whether an interlocutory probate order should be appealable: under that test, once the probate court adjudicated a "substantial right," the order was appealable. *Id.* In 1995, the supreme court attempted to clarify this test, noting that "while adjudication of a 'substantial right' was one factor to be considered, equally important" was "earlier precedent requiring that the order dispose of all issues in the phase of the proceeding for which it was brought." *Id.* Thus, "[t]o sidestep 'potential confusion' about the appropriate test for jurisdiction," the court adopted the following test:

> If there is an express statute, such as one for complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate court order is interlocutory.

*Id.*

In *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006), the supreme court held that the trial court's order denying a plea to the jurisdiction and refusal to remove an executor was not appealable. The supreme court explained that "an order denying a motion to dismiss an entire proceeding for want of subject-matter jurisdiction is more like a prelude than a finale." *Id.* "It certainly does not dispose of a claim that, if asserted independently, would be the proper subject of a lawsuit." *Id.* It noted further that under *Crowson v. Wakeham*, 897 S.W.2d 779 (Tex. 1995), "the trial court's order was interlocutory because it did not dispose of all parties or issues in a particular phase of the proceedings." *De Ayala*, 193 S.W.3d at 579. According to the supreme court, "[b]ecause an order denying a plea to the jurisdiction and refusing to remove an executor does not end a phase of the proceedings, but sets the stage for the resolution of all proceedings, the order is interlocutory." *Id.*

---

[4] The probate court's order approving inventory does not appear in the clerk's record.

In considering the orders that Appellant Aguilar lists in his amended notice of appeal, we note that the clerk's record does not include (1) an order denying Aguilar's homestead claim; (2) an order evicting him; or (3) an order approving inventory. Further, the clerk's record does not include a signed copy of the probate court's order appointing Appellee Garcia as dependent administratrix.[5]

The clerk's record does include the probate court's February 9, 2021 order granting Appellee Garcia's motion to enforce Rule 11 Settlement Agreement and the probate court's February 19, 2021 order granting Garcia's application to sale real property. In reviewing the substance of the February 9, 2021 order, the probate court concluded the Rule 11 Settlement Agreement was enforceable and ordered Aguilar to do the following:

1. Sign the Assignment of Interest by February 12, 2021, which assigned "any interest in any property which [Aguilar] may be entitled to receive through the estate of Maria Luisa Aguilar" to his "mother in law Maria Magdalena Garcia";
2. Remove specified items from the real property at issue; and
3. Sign the Family Settlement Agreement and Release Agreement by February 12, 2021.

The probate court's February 9, 2021 order further stated that upon performing the above items, Aguilar would receive a check in the amount of $30,000. We conclude that this February 9, 2021 order enforcing the Rule 11 Agreement ended a phase of the proceedings and was thus appealable. *See De Ayala*, 193 S.W.3d at 579.

Aguilar filed a timely motion for new trial on February 11, 2021. His motion for new trial argued the Rule 11 Settlement Agreement should be set aside. Aguilar then filed a timely notice of appeal on April 16, 2021. Thus, we conclude Aguilar has invoked this court's jurisdiction to hear his appeal.

Appellee Garcia argues that any appeal by Aguilar of the February 19, 2021 order regarding the sale of real property (which was signed after the February 9, 2021 order) should be dismissed for lack of jurisdiction. For support, Garcia cites *Rainbow Group, Ltd. v. Wagoner*, 219 S.W.3d 485, (Tex. App.—Austin 2007, pet. denied), which we find inapplicable to the present facts. *Wagoner* relates to interlocutory orders in a non-probate context. In our view, it would be a waste of judicial resources to disallow Appellant Aguilar in this case to amend his notice of appeal to include a later signed order in the same probate proceeding. Thus, we decline to grant Appellee Garcia's request to dismiss any appeal by Aguilar relating to the February 19, 2021.

For the reasons stated above, we DENY Appellee Garcia's motion to dismiss. We further note that both Appellant Aguilar and Appellee Garcia have requested sanctions be assessed against the other side. Both motions for sanctions are DENIED.

Having determined that we have jurisdiction over this appeal, we REINSTATE appellate deadlines. The reporter's record is due on October 4, 2021.

_____
Liza A. Rodriguez, Justice

---

[5] If Appellant Garcia intends to appeal these orders, need to request a supplemental clerk's record and show that we have jurisdiction to hear any such appeal.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 2nd day of September, 2021.



MICHAEL A. CRUZ, Clerk of Court