**Dismissed and Memorandum Opinion filed January 12, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00783-CV

---

## BRIAN NGUYEN, Appellant

### V.

## FAN CHEN, Appellee

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2022-63128**

---

## MEMORANDUM OPINION

This is an attempted appeal from two different interlocutory orders. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

Appellant is attempting to appeal (1) an October 18 order granting a motion to compel arbitration and (2) an October 12 order granting a temporary injunction. On October 24, 2022, appellant filed a notice of appeal specifying that he was appealing "the interlocutory order entitled '*Order Granting Brian Nguyen's Motion to Compel Contractually Agreed ADR and Denying Nguyen's Plea in Abatement*' signed on October 18, 2022." On December 8, 2022, in response to this court's notice of dismissal for want of jurisdiction, appellant filed an amended notice of appeal stating,

> "The notice of appeal should have stated that 'Appellant desires to appeal the interlocutory '*Order Granting Temporary Injunction*' signed on October 12, 2022, in conjunction with the interlocutory order entitled '*Order Granting Brian Nguyen's Motion to Compel Contractually Agreed ADR and Denying Nguyen's Plea in Abatement*' signed on October 18, 2002. This omission was an oversight by the undersigned."

We must consider whether our jurisdiction was invoked in relation to either of the October orders. *See Kilory v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (addressing jurisdiction as a threshold issue).

**October 18 order compelling arbitration**

We lack jurisdiction over the October 18, 2022 order because orders compelling arbitration are not reviewable by interlocutory appeal. *See Chambers v. O'Quinn,* 242 S.W.3d 30, 31–32 (Tex. 2007) (holding that neither the Texas Arbitration Act nor the Federal Arbitration Act provide for interlocutory appeals of orders granting or compelling arbitration. "The Act is one-sided, allowing interlocutory appeals solely from orders that deny arbitration."). Thus, the October 24 notice of appeal was not sufficient to invoke our jurisdiction.

2

**October 12 order granting temporary injunction**

An order granting a temporary injunction is reviewable by interlocutory appeal. *See* Tex. Civ. Prac. Rem. Code § 51.014(a)(4). However, appellant's December 8, 2022 amended notice of appeal was not sufficient to timely invoke our jurisdiction. A notice of appeal from the October 12, 2022 order granting temporary injunction was due November 1, 2022. *See* Tex. R. App. P. 26.1(b). Moreover, the December 8 notice of appeal does not relate back to the October 24 notice because Rule 25.1(g) does not permit an amendment to a notice of appeal to add an entirely different order from which the appeal is taken. Tex. R. App. P. 25.1(g); *see Rainbow Grp., Ltd. v. Wagoner*, 219 S.W.3d 485, 492–93 (Tex. App.—Austin 2007, no pet.); *Fain v. Georgen*, No. 03-17-00313-CV, 2017 WL 4766654 at *3 (Tex. App.—Austin Oct. 19, 2017, no pet.) (holding that an amended notice of appeal may only be used to correct defects and omissions in earlier notices, not to "challenge an entirely different order than the one named in the notice.").

Because appellant's notice of appeal and amended notice of appeal did not invoke our jurisdiction with regard to either of the October orders, we dismiss the appeal for want of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Bourliot and Wilson.